[Civ. No. 33270. First Dist., Div. Three. Nov. 26, 1974.]

ALFRED STEPAN et al., Cross-complainants and Appellants, v.
BARNEY GARCIA, Cross-defendant and Respondent.

## COUNSEL

Burnhill, Morehouse & Burford and Cyril Viadro for Cross-complainants and Appellants.

Berry, Davis & McInerney and N. Joseph Prato for Cross-defendant and Respondent.

## OPINION

ARATA, J.*—This is an appeal from an order dismissing the cross-complaint of Alfred and John Stepan, appellants, in response to a motion

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

for summary judgment made by Barney Garcia, cross-defendant and respondent.

The facts relevant to the issues on appeal are as follows: On June 8, 1967, John Stepan, with consent of his father Alfred Stepan, delivered an automobile (owned by the father) to the service station owned and operated by respondent and cross-defendant Barney Garcia. The car was left overnight for the purpose of having the tires changed. During that evening the car was involved in an automobile accident while in the possession of one John M. Coony, an employee of the service station operator, Garcia. As a result of this incident two lawsuits were filed: one for wrongful death (the Brock action) and the other for personal injuries (the Johnson action). In each complaint the Stepans and Garcia, along with the administratrix of the estate of John M. Coony, were named jointly as defendants on charges of negligent operation, maintenance, control and entrustment, agency, employment, permissive use and bailment. In these actions, which were later consolidated for trial, the Stepans cross-complained against Garcia for indemnity and Garcia cross-complained against the Stepans on the same theory of recovery.

The court granted a motion for a bifurcation of the trial of the consolidated actions and the issue of liability was first presented to a jury with the following results: A general verdict in favor of each plaintiff against the estate of John M. Coony, Alfred Stepan and John Stepan; a general verdict in favor of Garcia against each plaintiff; a special verdict finding that John Stepan gave implied permission to John Coony to drive his car on the night of the accident; a special verdict finding that Garcia did not give express or implied permission to John Coony to drive the Stepan car on the night of the accident; a special verdict finding that either John Coony or his wife Barbara Coony was driving the Stepan car at the time of the accident. Judgment was entered on said verdicts but later vacated as to the Stepans pending trial of the issue of damages.

After judgment was entered on the verdict in favor of cross-defendant Garcia, he moved for summary judgment on the Stepan cross-complaint; he based the motion on the general and special verdict above referred to, contending that all of the issues that could be raised in the Stepan cross-action were barred by the doctrines of res judicata and collateral estoppel. The motion for summary judgment was granted and the cross-complaint was dismissed.

Appellants complain of error as follows:

(a) The declaration filed in support of the motion is insufficient because it was not based on declarant's personal knowledge. ■ We do not

agree. The declaration was based upon a reference to the pleadings, verdicts and other documents in the court's file. The court may take judicial notice of its own file (Evid. Code, § 452, subd. (d); *Foster* v. *Gray,* 203 Cal.App.2d 434, 439 [21 Cal.Rptr. 429]): referring to the contents of the court's file by way of affidavit was a proper means of requesting the court to take such judicial notice under Evidence Code section 453 (see *Newport* v. *City of Los Angeles,* 184 Cal.App.2d 229 [7 Cal.Rptr. 497]).

(b) Appellants also contend that the judgment in favor of Garcia against plaintiffs is not binding upon the Stepans because they and Garcia were merely codefendants rather than adversaries at the trial of the main action. This contention is without merit as explained in *Freightliner Corp.* v. *Rockwell-Standard Corp.,* 2 Cal.App.3d 115, at page 118 [82 Cal. Rptr. 439] as follows: "If Freightliner and Rockwell were *merely* codefendants in the original action, the judgment was not rendered between them, and it is not an estoppel. However, if the coparties are actually opposed and litigate issues adversely to each other, the doctrine of collateral estoppel should apply. (See 3 Witkin, Cal. Procedure (1954), p. 1956.)" (Italics added.) In this case the record reveals the issues submitted to the jury in the main cases were questions as to whether or not the driver of the Stepan vehicle negligently caused the accident and whether or not the Stepan car was being driven with the permission of Stepan and Garcia or either of them. The jury's determination in favor of Garcia, resulting in a final judgment in his favor, was a binding adjudication against Stepan determining that the automobile was not being used with permission of Garcia, a finding against the theory on which the Stepan cross-complaint was based. In essence then, Stepan and Garcia actually opposed and litigated issues adversely to each other. (*Freightliner Corp.* v. *Rockwell-Standard Corp., supra.*) The order dismissing the Stepan cross-complaint was proper.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied December 26, 1974, and appellants' petition for a hearing by the Supreme Court was denied February 13, 1975.