[Civ. No. 46929. First Dist., Div. Three. Mar. 19, 1980.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v.
CECIL FRANCIS SAMPSON, Defendant and Appellant.

**COUNSEL**

Douglas N. Smith and Worthington & Smith for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—The County of Alameda (hereafter respondent) filed and served an action naming as defendant Cecil Francis Sampson (hereafter appellant) for reimbursement of public assistance and child support. Respondent's complaint alleged that appellant is the father of Tamantha M. Sampson, born March 27, 1966, and Sean L. Sampson, born April 29, 1968 (hereafter the minor children), and that Lorraine Carol Sampson is their mother. After appellant filed his answer denying that he is the father of the children respondent filed a motion for partial summary judgment on the issue of paternity. The motion was granted by default. However, by stipulation of the parties, the court set aside and vacated the default judgment. Thereafter, all parties appearing, the court reheard and granted the motion. The court's order granting partial summary judgment indicates that the court received in evidence two documents. Respondent "submitted" a "true" copy of appellant's interlocutory judgment dissolving his marriage to Lorraine Carol Sampson.

Appellant "submitted" a sworn statement that appellant is not the father of Tamantha M. and Sean L. Sampson. However, documentary evidence of appellant's sterility was denied admittance.

The court held that the issue of paternity of the minor children is without substantial controversy. The court's order granting respondent's motion for partial summary judgment orders that at the trial of the action "it is deemed" that appellant is the father of the minor children.

■ Appellant herein contends that the trial court erred in foreclosing what is normally a triable issue of fact, i.e., paternity, by ordering partial summary judgment. We, for reasons we will explain, find no error and affirm the judgment.

It is not disputed that Lorraine Carol Sampson and appellant were married on January 28, 1967. It follows that the children whose paternity by this appeal appellant seeks authorization to litigate were born before (Tamantha M.) and after (Sean L.) Sampson's marriage. There is no question but that Lorraine Sampson (now Lorraine Sampson Moreau) is the natural mother of the minor children.

The Sampsons dissolved their marriage by court order. The dissolution action, filed July 14, 1972, was prosecuted to a final judgment dissolving the marriage as of November 8, 1972. The trial court herein took judicial notice of the Napa County interlocutory judgment dated July 14, 1972, as well as the final judgment dissolving the marriage. The final judgment incorporated by reference the provisions of the interlocutory judgment which ordered as follows: "The court also orders that the care, custody and control of the minor children of the parties, namely, TAMANTHA M. SAMPSON, born March 27, 1966 and SEAN L. SAMPSON, born April 29, 1968, is hereby awarded to Respondent with right of reasonable visitation reserved to Petitioner.

"The court also orders that petitioner shall pay to respondent as and for the support and maintenance of the minor children of the parties, the sum of $50.00 per month, per child, commencing forthwith."

■ "The familiar rules are that the matter to be determined by the trial court on a motion for summary judgment is whether facts have been presented which give rise to a triable factual issue. The court may not pass upon the issue itself. Summary judgment is proper only if the

affidavits or declarations in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact. The affidavits of the moving party are strictly construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts." (See *Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615].)

On appeal we are required to apply the foregoing rules to the record in the present case with all intendments in favor of appellant as the party opposing the summary judgment. (*Parker, supra*, at p. 183.)

■ Lorraine Sampson Moreau's affidavit in addition to declaring that appellant is not the minor children's father also reveals that she knew that appellant was sterile. From her affidavit it appears that she and appellant were motivated by a desire to keep the true facts from the children in allowing their decree of dissolution to state that they were the minor children's parents.

However, it also appears from a separate document introduced by respondent that Lorraine Sampson Moreau, in order to obtain financial aid for the minor children, swore that appellant was their father.

Appellant's basic contention is that the documentary evidence in support of and in opposition to the motion for partial summary judgment presented a triable issue of fact to the trial court, i.e., paternity (father) of the minor children. ■ Appellant correctly points out that a trial court abuses its discretion if in granting a motion for summary judgment it decides a triable issue of fact. (See *Parker, supra*, at p. 181.)

■ The answer to appellant's contention is that collateral estoppel foreclosed the issue of paternity. The trial court did not pass upon, i.e., weigh and consider the conflicting documentary evidence and decide that appellant is the minor children's father. Rather the court deftly applied the law and reasoned that appellant was estopped to introduce evidence that he was not their father.

■ Summary judgment is an appropriate remedy when the doctrine of res judicata in its subsidiary form of collateral estoppel refutes all

triable issues of fact suggested by the pleadings and supporting documents. (See *People v. One 1964 Chevrolet Corvette Convertible* (1969) 274 Cal.App.2d 720, 725-726 [79 Cal.Rptr. 447].

■ *People v. One 1964 Chevrolet Corvette Convertible* teaches that "Collateral estoppel may be invoked to conclusively resolve any issue necessarily determined in previous litigation between the same parties or their privies. There are three requirements for its application: (1) The issue decided in a prior adjudication must be identical to the issue presented in the action presently being litigated; (2) there must have been a final judgment on the merits in the previous action; and (3) the party against whom the plea is asserted must have been a party or in privity with a party to the prior adjudication." (At p. 726.) (See also *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098]; *People v. Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622].)

■ There is no disputing the fact that appellant was adjudicated to be the father of the minor children in his 1972 marriage dissolution action. The judgment is final as between the parties therein and herein. (See *Adoption of Bonner* (1968) 260 Cal.App.2d 17, 21 [66 Cal.Rptr. 812].) Thus, appellant is estopped to deny that he is the minor children's father because the issue is res judicata.

■ There is no merit to appellant's contention that the conflicting documentary evidence raises an additional issue of fact, to wit: that the 1972 interlocutory judgment of dissolution was "induced by extrinsic fraud, duress, or mistake." Appellant apparently seeks to invoke application of the settled rule that, "When a judgment is obtained or entered through fraud, mistake or accident, and there has been no negligence, laches or other fault on the part of the aggrieved party, or on the part of his agents, then a court of equity will interfere and restrain proceedings on the judgment which cannot be conscientiously enforced. '"The ground for the exercise of this jurisdiction is that there has been no fair adversary trial at law."'" (*In re Marriage of Guardino* (1979) 95 Cal. App.3d 77, 87 [156 Cal.Rptr. 883].) In *Guardino*, we pointed out that "A judgment may be attacked in four ways: by a motion for a new trial, by appeal, by motion for relief pursuant to Code of Civil Procedure section 473, or by an independent suit in equity." (*In re Marriage of Guardino, supra,* at p. 86.)

Apparently appellant contends extrinsic fraud, mistake or accident because Lorraine Sampson Moreau promised him that she would never require that he pay child support. In reliance upon that promise he was induced not to contest paternity in the 1972 dissolution proceedings.

Appellant's assertions of underlying facts inferring extrinsic fraud even if deemed to be true could not be properly considered by the trial court in deciding respondent's motion for partial summary judgment. Without inferring that he could properly raise the issue, we note that appellant did not plead extrinsic fraud, etc. as an affirmative defense. It is certain that the issue could not be raised by cross-complaint. Respondent's cause of action is statutory brought under Welfare and Institutions Code section 11350.1 which in relevant part provides: "In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of paternity, if applicable, and child support."

■ Appellant's next contention is patently without merit. Contrary to appellant's contention, the natural mother's (Lorraine Sampson Moreau) affidavit may not be properly viewed herein as raising a triable issue of waiver of the bar of collateral estoppel. Manifestly, this is the case because in a proceeding under Welfare and Institutions Code sections 11350-11350.1, Lorraine Sampson Moreau is neither a necessary nor proper party to the action. (See *County of Santa Barbara* v. *Flanders* (1976) 63 Cal.App.3d 486 [133 Cal.Rptr. 798].) Under the statutory scheme the child support rights are assigned to the state and constitute an obligation owed to the state. The government entity (herein county) prosecutes the action on behalf of the child. Lorraine Sampson Moreau, having assigned to the county the child support rights, may not unilaterally impair respondent-assignee's right to the obligation in the slightest degree. (See *In re Marriage of Shore* (1977) 71 Cal.App.3d 290 [139 Cal.Rptr. 349].) To hold otherwise would defeat the statutory scheme of reimbursement to the county.

Appellant's final contention is that collateral estoppel should not be used to work an unjust result. We understand appellant feels put upon because his offer to raise a triable issue of fact was rejected by the trial court. For reasons we have heretofore discussed, the trial court did not commit error. Documentary evidence tending to establish appellant's sterility predating by a decade the birth of the minor children was inadmissible. Appellant is estopped to deny paternity in this statutory

action. As to the unjustness of the result herein that argument is better left to be addressed in an independent action. (See *In re Marriage of Guardino, supra*, 95 Cal.App.3d 77, 86.) In that event, we presently have and express no opinion as to the inequities or the result.

Herein we have only decided that the trial court's judgment is in conformance with settled authority, that the court did not abuse its discretion and that we therefore affirm the judgment.

Feinberg, J., and Takei, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.