[Civ. No. 60471. Second Dist., Div. One. May 18, 1981.]

COLUMBUS LINE, INC. et al., Cross-complainants and Appellants, v.
GRAY LINE SIGHT-SEEING COMPANIES ASSOCIATED, INC., Cross-defendant and Respondent.

624

**· COUNSEL**

Overton, Lyman & Prince, Jon P. Kardassakis and George M. Lindahl for Cross-complainants and Appellants.

Cruikshank, Antin & Grebow and Michael A. Vanic for Cross-defendant and Respondent.

**OPINION**

**LILLIE, J.**—Columbus Line, Inc. and Royal Viking Line, Inc. appeal from summary judgment entered against them and in favor of Gray Line Sight-Seeing Companies Associated, Inc. on their cross-complaint for equitable indemnity in a personal injury action.

That action rose out of the following circumstances. Royal Viking is the owner of the M.S. *Viking Sea*, a passenger vessel. Columbus and Royal Viking entered into a written agreement whereby Columbus agreed to create, manage and operate shore excursions for Royal Viking's gulf stream cruise passengers. On October 30, 1974, Fred Lawrence and Ethel Lawrence, passengers on the M.S. *Viking Sea*, purchased from Columbus tickets for a sight-seeing tour in Guatemala and took the tour on that date. The tour was arranged by Columbus pursuant to its agreement with Guatemala Sightseeing (a Guatemalan corporation), which provided the bus transportation. During the tour the Lawrences sustained personal injuries when the bus in which they were riding collided with a pickup truck. At the time of the accident Guatemala Sightseeing was an associate member of Gray Line, a trade association for the sight-seeing and tour service industry.

The Lawrences filed a complaint for personal injuries against Columbus, Royal Viking and Guatemala Sightseeing,[1] alleging that each of the defendants was the agent of the others and that the negligence of each combined with that of the others to cause the collision and plaintiffs' resulting injuries. Gray Line subsequently was served as a "doe" defendant and answered the complaint. Columbus and Royal Viking (hereinafter collectively referred to as Columbus) filed a cross-complaint for indemnity against Gray Line who moved for summary judgment. The motion was placed off calendar to allow Columbus to amend the cross-complaint to seek equitable indemnity under *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal. Rptr. 182, 578 P.2d 899].

The amended cross-complaint alleged: Gray Line represented that Guatemala Sightseeing[2] was an approved member and an authorized representative of Gray Line and, as such, that it met the high standards of Gray Line as to the quality of its operations; in retaining the services of Guatemala Sightseeing to conduct the tour on which plaintiffs were injured, Columbus relied on the fact that such tour was an approved Gray Line operation; a principal-agency relationship existed between Gray Line and Guatemala Sightseeing, making Gray Line liable as a principal for any negligence of its agent Guatemala Sightseeing; plaintiffs' injuries, if any, were caused or contributed to by Gray Line; under *American Motorcycle Assn.* v. *Superior Court*, Columbus is entitled to have Gray Line's negligence determined in this action and is entitled to equitable indemnity from Gray Line.

Gray Line moved for summary judgment on the complaint. The thrust of the motion was that Gray Line is not liable to plaintiffs because: (1) it was not negligent toward plaintiffs in any manner; and (2) it may not be held vicariously liable for the acts of any of its codefendants in connection with the injuries allegedly sustained by plaintiffs. Plaintiffs opposed the motion, arguing that they had produced evidence which raised a triable issue of fact on the question whether Guatemala Sightseeing was the agent (either actual or ostensible) of Gray Line. The motion was granted and summary judgment was entered in favor of Gray Line and against plaintiffs. That judgment stated in part: "...

[1]The record does not indicate that Guatemala Sightseeing was served or that it appeared in the action.

[2]The amended cross-complaint refers to "Gray Line of Guatemala," not Guatemala Sightseeing. Inasmuch as the record shows that Gray Line Tours of Guatemala is operated by Guatemala Sightseeing, we use the latter name.

defendant [Gray Line] has shown by admissible evidence and reasonable inferences from that evidence that the action has no merit and that there is no triable issue of material fact and defendant ... is entitled to summary judgment against plaintiffs Fred Lawrence and Ethel Lawrence as a matter of law. Specifically, it appears and the Court so finds that defendant ... was not negligent, either by omission or commission, towards plaintiffs ... in connection with the acts and injuries alleged in said plaintiffs' complaint and that no agency or employment relationship exists between defendant [Gray Line] and defendant Guatemala Sightseeing or any other defendant herein such that [Gray Line] may be held vicariously liable to said plaintiffs for any negligence, either by omission or commission, of defendant Guatemala Sightseeing or any other defendant herein in connection with the acts and injuries alleged in said plaintiffs' complaint."[3]

After the granting of its motion for summary judgment on the complaint, Gray Line moved for summary judgment in its favor on the amended cross-complaint for equitable indemnity on the ground that inasmuch as the court determined that Gray Line was not negligent toward plaintiffs nor vicariously liable for the negligence of any co-defendant, it was not a concurrent tortfeasor responsible in any manner for plaintiffs' alleged injuries and therefore could not be ordered to indemnify Columbus on a comparative fault basis under *American Motorcycle Assn. v. Superior Court.* In opposition to the motion Columbus argued that the doctrine of res judicata does not preclude litigation of its cross-complaint for indemnity and that there are triable issues of material fact regarding the alleged principal-agency relationship between Gray Line and Guatemala Sightseeing. The motion was granted, the court determining that there was no triable issue of material fact and that Gray Line was entitled to judgment as a matter of law. Columbus appeals from the summary judgment entered in favor of Gray Line, and against Columbus, on the cross-complaint for equitable indemnity.[4]

Prior to *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], the doctrine of equitable indemnity permitted one of two tortfeasors to shift the entire loss to the

---

[3]Plaintiffs appealed from summary judgment entered against them, and in favor of Gray Line, on the complaint; that appeal was abandoned.

[4]After abandonment of appeal by plaintiffs, they entered into a settlement with the remaining defendants.

other when, without active fault on the claimant's part, he was compelled by reason of some legal obligation to pay damages occasioned by the immediate fault of the other. (*Sanders* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1977) 65 Cal.App.3d 630, 637 [135 Cal.Rptr. 555]; *Aerojet General Corp.* v. *D. Zelinsky & Sons* (1967) 249 Cal.App.2d 604, 607 [57 Cal.Rptr. 701].) In *American Motorcycle*, the Supreme Court concluded that "the current equitable indemnity rule should be modified to permit a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." (20 Cal.3d at p. 598.) Thus, the case did not establish a new cause of action separate and distinct from the traditional equitable indemnity action, but simply modified the all-or-nothing aspect of the pre-*American Motorcycle* doctrine to permit partial indemnification in appropriate cases. (*People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 756-757 [163 Cal.Rptr. 585, 608 P.2d 673].) Inasmuch as that doctrine presupposes that each of two persons is made responsible by law to an injured party (*New Hampshire Ins. Co.* v. *Sauer* (1978) 83 Cal.App.3d 454, 459 [147 Cal.Rptr. 879]), Gray Lines' obligation to indemnify Columbus depends upon its having been at least partially responsible for plaintiffs' injuries. The summary judgment in favor of Gray Line and against plaintiffs determined that no such responsibility existed.

Columbus contends that litigation of its cross-complaint for equitable indemnity is not precluded by principles of res judicata and collateral estoppel. ■ The doctrine of res judicata provides that a final judgment on the merits bars the parties or those in privity with them from litigating the same cause of action in a subsequent proceeding and collaterally estops parties or those in privity with them from litigating in a subsequent proceeding on a different cause of action any issue actually litigated and determined in the former proceeding. (*In re Russell* (1974) 12 Cal.3d 229, 233 [115 Cal.Rptr. 511, 524 P.2d 1295]; *Martin* v. *Martin* (1970) 2 Cal.3d 752, 758 [87 Cal.Rptr. 526, 470 P.2d 662]; *Merry* v. *Coast Community College Dist.* (1979) 97 Cal.App.3d 214, 221 [158 Cal.Rptr. 603].) ■ The application of the doctrine in a given case depends upon an affirmative answer to three questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252]; *Teitel-*

*baum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].)

 The first question must be answered in the affirmative. (4) (See fn. 5.) The summary judgment on the complaint determined that Gray Line was not negligent toward plaintiffs and that no agency relationship existed between Gray Line and Guatemala Sightseeing or any other defendant such that Gray Line could be held vicariously liable to plaintiffs for any negligence of Guatemala Sightseeing or any other defendant.[5] The issues thus determined by that judgment are precisely those raised by Columbus' cross-complaint, which seeks indemnity from Gray Line on the ground that it was negligent toward plaintiffs or responsible for the negligence of its alleged agent Guatemala Sightseeing.[6]

The second question likewise is answered affirmatively. The summary judgment on the complaint is a judgment on the merits (see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 170, p. 3312) and it has become final. (See Cal. Rules of Court, rule 2; *Southern Public Utility Dist.* v. *Silva* (1956) 47 Cal.2d 163, 165 [301 P.2d 841].)

We now come to the third question, i.e., whether Columbus was in privity with a party to the proceeding which resulted in entry of summary judgment on the complaint. In determining the existence of privity, "[t]he emphasis is not on a concept of identity of parties, but on

[5]The matter to be determined by a trial court on motion for summary judgment is whether facts have been presented which give rise to a triable issue; the court may not pass upon the issue itself. (*Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615].) The summary judgment on the complaint is contrary to these principles, for it purports to decide triable issues of fact. However, for purposes of application of the doctrine of res judicata, an erroneous judgment is as conclusive as a correct one. (*Casad* v. *Qualls* (1977) 70 Cal.App.3d 921, 926 [139 Cal.Rptr. 243]; *Addington* v. *Industrial Indemn. Co.* (1972) 24 Cal.App.3d 802, 809 [101 Cal.Rptr. 277]; *Sterling* v. *Galen* (1966) 242 Cal.App.2d 178, 182 [51 Cal.Rptr. 312].)

[6]Columbus insists that the issues presented by Gray Line's motion for summary judgment on the complaint were not the same as those raised by the cross-complaint, arguing that plaintiffs' only theory of recovery against Gray Line was that it could be held vicariously liable for the negligence of its agent Guatemala Sightseeing, whereas Columbus sought equitable indemnity on the additional ground that Gray Line itself was negligent. The contention lacks merit inasmuch as the complaint alleges that "defendants, and each of them," were negligent in their maintenance, control, inspection and operation of the bus in which plaintiffs were riding at the time of the accident. Gray Line moved for summary judgment on the complaint on the grounds that it was not negligent and was not vicariously liable (on a principal-agency theory) for the negligence of any of its codefendants.

the practical situation. The question is whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion." (*People* ex rel. *State of Cal.* v. *Drinkhouse* (1970) 4 Cal. App.3d 931, 937 [84 Cal.Rptr. 773]. See also *Palmer* v. *City of Oakland* (1978) 86 Cal.App.3d 39, 43 [150 Cal.Rptr. 41]; *People* v. *One 1964 Chevrolet Corvette Convertible* (1969) 274 Cal.App.2d 720, 731 [79 Cal.Rptr. 447].) ■ As recently explained by our Supreme Court, the concept of privity has been expanded "to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel. [Citations.] [¶] Notwithstanding the expanded notions of privity, collateral estoppel may be applied only if due process requirements are satisfied. [Citations.] In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication. [Citation.] Thus, in deciding whether to apply collateral estoppel, the court must balance the rights of the party to be estopped against the need for applying collateral estoppel in the particular case, in order to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, or to protect against vexatious litigation." (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875 [151 Cal.Rptr. 285, 587 P.2d 1098].)

■ With these considerations in mind, we turn to the facts of the present case. Plaintiffs sought to hold Gray Line liable for their injuries on the grounds that Gray Line itself was negligent and that it was liable for the negligence of Guatemala Sightseeing because of a principal-agency relationship between those two defendants. Columbus sought equitable indemnity from Gray Line on the same grounds. Thus, plaintiffs and Columbus both were interested (though for different reasons) in establishing Gray Line's liability based on its own negligence and on its principal-agency relationship with Guatemala Sightseeing. In its motion for summary judgment on the complaint, Gray Line asserted that it was not negligent toward plaintiffs and that it could not be held vicariously liable for negligence on the part of any of its codefendants. The motion was made on notice to all parties and was served on Columbus as well as plaintiffs. Columbus' attorneys appeared at the hearing on the motion in opposition to it. The record does not show that Colum-

bus filed any papers opposing the motion, and it contends that its representation by plaintiffs was inadequate because they argued only the issue of Gray Line's liability based on its principal-agency relationship with Guatemala Sightseeing, ignoring the issue of Gray Line's independent negligence. However, it was incumbent on Columbus to protect its own interests by vigorously opposing the motion instead of merely relying on plaintiffs' opposition, for Columbus knew (or should have known) that summary judgment exonerating Gray Line from liability to plaintiffs, if it became final, would preclude any claim of indemnity. (See *Southern California Edison Co.* v. *Harnischfeger Corp.* (1979) 99 Cal.App.3d 9, 14 [160 Cal.Rptr. 23].) *Columbus* had notice of the motion and appeared at the hearing thereon. Its failure to take full advantage of its opportunity to oppose the motion does not warrant refusal to apply collateral estoppel, especially since such refusal could result in the entry of inconsistent judgments in two phases of the same lawsuit.[7]

For all of the above reasons, we conclude that the requirement of privity is met and that collateral estoppel applies to preclude litigation of the issues raised by Columbus' cross-complaint for equitable indemnity, such issues having been determined by the prior adjudication of the summary judgment on the complaint.

Citing *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744 [163 Cal.Rptr. 585, 608 P.2d 673], Columbus argues that inasmuch as a tort defendant's equitable indemnity action is separate and distinct from the plaintiff's tort action, the summary judgment in favor of Gray Line on the complaint does not preclude litigation of Columbus' cross-complaint for indemnity. The *Department of Transportation* case does not aid Columbus. The point there decided was that "a tort defendant does not lose his right to seek equitable indemnity from another tortfeasor simply because the original plaintiff's action against the additional defendant may be barred by the statute of limitations. The defendant's equitable indemnity action is independent of the plaintiff's action and a defendant is entitled to pursue his own indemnity action so long as the statute of limitations on that action has not expired." (26 Cal.3d at p. 748.) Nothing in that case indicates that

---

[7]If collateral estoppel were not applied, and judgment were entered in favor of Columbus on the cross-complaint, such judgment (which necessarily would be based on a determination that Gray Line was in some measure responsible for plaintiffs' injuries) would be inconsistent with the summary judgment on the complaint determining that no such responsibility existed.

one defendant may pursue his claim for equitable indemnity against another defendant where, as in the present case, that claim is barred by principles of res judicata and collateral estoppel.

In support of its contention that it retains the right to litigate the cross-complaint for equitable indemnity, Columbus also cites *Atherley v. MacDonald, Young & Nelson* (1955) 135 Cal.App.2d 383 [298 P.2d 700]. There, appellants and respondent were joined as codefendants in an action for personal injuries sustained by plaintiff in a fall on a steel stairway under construction. Appellants filed a cross-complaint against respondent alleging that he had agreed to hold them harmless from any liability caused by his negligence in constructing the stairway. The cross-complaint sought a declaratory judgment establishing the rights and liabilities of the parties under this contract. The trial court sustained respondent's demurrer to the cross-complaint without leave to amend. Pending appeal from dismissal of the cross-complaint, the main action was tried resulting in a judgment for plaintiff against appellants and a judgment in favor of respondent. Respondent argued that the appeal had become moot because of the judgment entered in his favor on the complaint. The court rejected the contention, stating: "... in no event is a judgment in an action in which the parties were not adversaries, but only joined as codefendants, res judicata as between them in a later proceeding." (135 Cal.App.2d at p. 385.) ■ On the other hand, the doctrine of collateral estoppel applies as between codefendants if they are actually opposed and litigate issues adversely to each other. (*Stepan* v. *Garcia* (1974) 43 Cal.App.3d 497, 500 [117 Cal.Rptr. 919]; *Freightliner Corp.* v. *Rockwell-Standard Corp.* (1969) 2 Cal. App.3d 115, 118-119 [82 Cal.Rptr. 439].) The record herein shows that Gray Line and Columbus, although codefendants in the main action, were adversaries as to the issues raised by Gray Line's motion for summary judgment on the complaint. Indeed, Columbus received notice of the motion and appeared in opposition to it. Accordingly, Columbus is bound by the judgment in favor of Gray Line on the complaint and may not litigate its cross-complaint which raises only issues determined by that judgment.

Columbus argues that because Gray Line failed to produce any evidence showing that there was no triable issue of fact on the cross-complaint, but instead merely relied on the earlier adjudication, it was reversible error to have granted Gray Line's motion for summary judgment on the cross-complaint. The contention is without merit. ■ "Summary judgment is an appropriate remedy when the doctrine of res

judicata in its subsidiary form of collateral estoppel refutes all triable issues of fact suggested by the pleading and supporting documents." (*County of Alameda* v. *Sampson* (1980) 104 Cal.App.3d 584, 589-590 [163 Cal.Rptr. 915].) Columbus opposed the motion for summary judgment on the cross-complaint by attempting to show that there are triable issues of fact regarding the alleged principal-agency relationship between Gray Line and Guatemala Sightseeing. However, the existence of factual conflict will not defeat a motion for summary judgment unless the fact in dispute is a material one. (*Hidalgo* v. *Anderson* (1978) 84 Cal.App.3d 378, 381 [148 Cal.Rptr. 557].) Any triable issue of fact which may have been raised by Columbus regarding the merits of the cross-complaint was immaterial on Gray Line's motion for summary judgment based on principles of res judicata. Accordingly, the trial court correctly determined that there was no triable issue of material fact and that Gray Line was entitled to judgment in its favor on the cross-complaint as a matter of law.

We deny Gray Line's request for imposition of a penalty against Columbus on the ground that its appeal is frivolous (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a)).

The summary judgment in favor of Gray Line on the cross-complaint is affirmed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 15, 1981.