[Civ. No. 31396. Fourth Dist., Div. One. May 22, 1985.]

COUNTY OF SAN DIEGO, Plaintiff and Respondent, v.
THOMAS E. HOTZ, Defendant and Appellant.

606

COUNSEL

Robert V. Schucker for Defendant and Appellant.

Edwin L. Miller, Jr., District Attorney, and Einar E. Oling, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

WORK, J.—Thomas E. Hotz appeals from an order obtained after the district attorney filed an order to show cause to modify child support pursuant to Welfare and Institutions Code section 11484 upon Wendy Hotz Estrada's receipt of aid to families with dependent children (AFDC) relief. He challenges that portion of the order requiring the parties to submit to blood testing to determine the probabilities of his being the father of Wendy's child conceived during the course of their marriage. He claims litigation of the issue of paternity is barred by an earlier ruling of the superior court in 1978 dismissing with prejudice an earlier district attorney's and Wendy's complaint for child support. He contends the 1978 dismissal with prejudice is entitled to res judicata effect as to the determination of paternity. However, as we shall explain, we conclude the original and final 1977 Iowa decree of dissolution adjudicated the paternity issue and determined Thomas was the child's father. Thus, Thomas is collaterally estopped from challenging paternity in this statutory proceeding. We reverse the order and remand the matter to the trial court for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

The parties' marriage was dissolved by decree July 28, 1977, in an Iowa state court. Thomas was personally served but did not answer. Express findings were made there was one child born to the parties as issue of the marriage (Kenneth Wayne) and the date of the parties' separation was April 1976.[1] No request was made for child support and the issue of paternity was not contested. The court ordered that all payments of debts by Thomas be denominated as child support.

On June 5, 1978, the County of San Diego filed a complaint for support pursuant to Welfare and Institutions Code section 11350 and for reimbursement for AFDC relief given the child. Thomas answered, denying both paternity and any obligation for support. At trial, the court dismissed the complaint with prejudice when told by the prosecution Wendy had left the jurisdiction and it was not known when or if she would return.

---

[1]Thomas now contends the parties separated in October 1975.

Several years later, Wendy returned to San Diego County and obtained new AFDC payments. The Iowa dissolution decree was registered in San Diego County in 1983 over Thomas' timely objection. The district attorney filed an order to show cause to modify child support on June 16, 1983. The trial court ruled that no evidentiary determination had ever been made on the issue of paternity and ordered blood tests (tissue tests) of the necessary parties, declaring that if Wendy did not comply the matter would be dismissed with prejudice again.

## THOMAS IS COLLATERALLY ESTOPPED FROM RELITIGATING THE ISSUE OF PATERNITY

The doctrine of res judicata in its subsidiary form of collateral estoppel precludes Thomas from litigating the issue of paternity, because that issue was actually determined in the Iowa proceeding.

"A party is collaterally estopped from relitigating an issue necessarily determined in a prior adjudication if (1) the issue decided in the previous litigation is identical with that present in the action in question; (2) there was a final judgment on the merits in the first action; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior action. [Citation.]" (*Bank of California* v. *Pan American Tire Corp.* (1982) 132 Cal.App.3d 843, 848 [183 Cal.Rptr. 470]; *People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622]; *County of Alameda* v. *Sampson* (1980) 104 Cal.App.3d 584, 590 [163 Cal.Rptr. 915].) More precisely, interlocutory and final judgments of dissolution are entitled to res judicata as to all questions determined by them. (*Kulchar* v. *Kulchar* (1969) 1 Cal.3d 467, 470 [82 Cal.Rptr. 489, 462 P.2d 17, 39 A.L.R.3d 1368]; *In re Marriage of Guardino* (1977) 95 Cal.App.3d 77, 87 [156 Cal.Rptr. 883]; *Adamson* v. *Adamson* (1962) 209 Cal.App.2d 492, 501 [26 Cal.Rptr. 236].) Likewise, "[a] judgment of paternity, even if taken by default, is res judicata in any subsequent civil enforcement proceeding." (*Salas* v. *Cortez* (1979) 24 Cal.3d 22, 28 [154 Cal.Rptr. 529, 593 P.2d 226].) In fact, California in adopting the Uniform Parentage Act, enacted Civil Code section 7010, subdivision (a), which provides: "The judgment or order of the court to determine the existence or nonexistence of the parent and child relationship is determinative for all purposes except for actions brought pursuant to section 270 of the Penal Code."

A divorce judgment between the parties adjudicating as between themselves their parental relationship to a child results in an issue adjudication binding them under the doctrine of collateral estoppel. (*Adoption of Bonner* (1968) 260 Cal.App.2d 17, 20 [66 Cal.Rptr. 812]; *Garcia* v. *Garcia* (1957) 148 Cal.App.2d 147, 153-154 [306 P.2d 80].) Moreover, where a father is

aware of the true facts at the time of the dissolution and questioned his own paternity at that time, his failure to contest paternity during the dissolution proceedings bars him from later challenging the paternity determination. (*Brown* v. *Superior Court* (1979) 98 Cal.App.3d 633, 636 [159 Cal.Rptr. 604]; *In re Marriage of Guardino, supra,* at pp. 92-93; see generally *County of Alameda* v. *Sampson, supra.*)

■ Here, Thomas was properly served with notice of the filing and pendency of the dissolution action in Iowa but elected not to appear and contest the issues pleaded. A judgment of dissolution was entered finding paternity, granting Wendy custody of the child, and denominating Thomas' payments of Wendy's debts as child support. Consequently, Thomas' failure to litigate the issue of paternity before the Iowa decree became final precludes him from collaterally attacking the decree now by relitigating the paternity issue.

THE 1978 CALIFORNIA PROCEEDING IS OF NO MOMENT HERE

In light of the foregoing, the dismissal with prejudice of the 1978 support complaint did not affect the Iowa dissolution decree adjudicating paternity. Moreover, because the district attorney is not seeking to recover past support the dismissal does not affect the current support proceedings.

Here, pursuant to the Revised Uniform Reciprocal Enforcement Support Act (RURESA) (Code Civ. Proc., § 1650 et seq.), the district attorney properly registered the Iowa decree in San Diego County on March 16, 1983. (Code Civ. Proc., § 1697 et seq.) Following proper procedures, the district attorney applied to the trial court under Welfare and Institutions Code section 11484 for an order to show cause why a child support order should not be entered in light of the paternity determination in the final Iowa decree. (See *County of San Diego* v. *Magri* (1984) 156 Cal.App.3d 641, 648-649 [203 Cal.Rptr. 52]; *County of Los Angeles* v. *Ferguson* (1979) 94 Cal.App.3d 549, 558 [156 Cal.Rptr. 565].) By registering the Iowa decree, the County of San Diego commenced an action on behalf of the child who was receiving AFDC relief. The Iowa decree pertinently provided that all payments of debts by Thomas were denominated as child support. Consequently, by seeking modification of that support order, the district attorney sought to obtain child support from Thomas to reimburse the monies expended by the county to support the child.

■ While Code of Civil Procedure section 1695 of RURESA permits adjudication of nonfrivolous paternity defenses, it does not permit a party to relitigate the issue of paternity where a final foreign divorce decree has

determined the issue. (*Craig* v. *Superior Court* (1975) 45 Cal.App.3d 675, 681-682 [119 P.2d 692].)[2]

*Disposition:*

The order is reversed and the matter is remanded for further proceedings consistent with this opinion.

Lewis, J., and Adams, J.,* concurred.

---

[2]In light of our disposition, Thomas is not entitled to attorney fees under either Civil Code section 4370 or 4700 because a governmental entity is expressly exempted under section 4370 and he was not a prevailing party under section 4700. Moreover, his assertion he is entitled to reasonable attorney fees imposed as sanctions for a frivolous action is without merit. The district attorney's conduct here has not been "frivolous, vexatious and of bad faith." Their original complaint for support in 1978 was dismissed because Wendy had left the jurisdiction and it was not known when or if she would return. Moreover, there was no adjudication of paternity at the 1978 hearing and it clearly did not constitute an independent suit in equity to set aside collaterally the paternity determination within the Iowa decree. Indeed, the duty to support is a continuing obligation always subject to modification (Civ. Code, § 247), and the county may properly seek reimbursement for AFDC relief by a modification and enforcement of support orders.

*Assigned by the Chairperson of the Judicial Council.