103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jermone THYMES, John Thymes, and Shirley Thymes, Plaintiffs-Appellants,
v.
METROPOLITAN LIFE, et al., Defendants-Appellees.
John THYMES, Shirley Thymes, Plaintiffs-Appellants,
v.
METMOR FINANCIAL, INC., et al., Defendants-Appellees.
 No. 94-55994.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided Nov. 18, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John and Shirley Thymes, and their daughter Jermone (collectively "Thymes"), appeal district court orders of dismissal and remand in two related cases. In 1991, property owned by John and Shirley Thymes was sold at a nonjudicial trustee's sale. Arguing that the sale was not proper and the Trustee lacked the power to evict tenants on the property, John and Shirley Thymes commenced several actions in California state court. One action was removed to federal district court by defendants Commissioner of Federal Housing, United States Department of Housing and Urban Development and the Attorney General of the United States ("federal defendants"). Thymes v. Metmor Financial, CV-93-7771 WJR. The Thymes also filed a complaint in federal district court, Thymes v. Metropolitan Life, CV-93-5963 WJR, asserting civil rights violations and other claims. The complaint names 83 defendants. The defendants-appellees responding to this appeal are: federal defendants, Marcus, Watanabe & Dave, et al. ("Marcus"), Metmor Financial, et al. ("Metmor") and Aames Home Loan, et al. ("Aames").
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part and remand.
 
 
 4
 * Marcus and Aames raise the issue of this court's jurisdiction over the Thymes' appeal from the district court's decisions in Thymes v. Metropolitan Life. We have jurisdiction only over "final decisions" of district courts. 28 U.S.C. § 1291. A final decision ends the litigation on the merits. McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992) (citation omitted). A dismissal without prejudice usually does not operate as a final decision. Id. However, if a plaintiff elects to stand on his dismissed pleading without amending, the decision is final. Id.
 
 
 5
 The district court's June 10, 1994 order dismissed the Thymes' claims with leave to amend if they filed a $41,500 bond by August 23, 1994. The order provided that their claims would be deemed dismissed with prejudice if they failed to post the bond. The Thymes filed notices of appeal from the June 10, 1994 order on June 30, 1994 and filed amended notices after the district court denied their motion to extend the bond filing deadline. When the Thymes failed to post the bond, the dismissal became final and appealable. We have jurisdiction.
 
 II
 
 6
 The Thymes appeal the district court's decision in Thymes v. Metmor dismissing the federal defendants and remanding the matter to state court. Although remand orders are generally not appealable, 28 U.S.C. § 1447(d), the dismissal of the federal defendants is a reviewable final order. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986). The fact that the dismissal for failure to exhaust administrative remedies was without prejudice does not render the case unreviewable. Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 747 (9th Cir.1993). The Thymes' notice of appeal became effective when the district court filed the formal order of remand on January 26, 1995. Fed.R.App.P. 4(a)(2).
 
 
 7
 We review de novo the district court's dismissal of the federal defendants due to the Thymes' failure to exhaust administrative remedies. Spawr v. United States, 796 F.2d 279, 280 (9th Cir.1986) (citation omitted). The district court's findings of fact regarding this jurisdictional question are reviewed for clear error. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir.1994).
 
 
 8
 The district court dismissed the federal defendants due to the Thymes' failure to file a claim with the appropriate federal agency. Under the Federal Tort Claims Act (FTCA), a suit for damages may not be instituted against the United States unless (1) an administrative claim is made, and (2) the claim is denied or six months pass before the claim is resolved. 28 U.S.C. § 2675. The claim requirement is jurisdictional and may not be waived. Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985) (citation omitted). A claim satisfies this requirement if it contains "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Warren v. United States Dep't of Interior Bureau of Land Mgm't, 724 F.2d 776, 780 (9th Cir.1984) (en banc).
 
 
 9
 The record contains no evidence submitted to the district court showing that the Thymes submitted a sufficient claim to any of the federal defendants. The Thymes include in their record excerpts an October 24, 1994 letter to them from the United States Department of Housing and Urban Development ("HUD") stating that "[a]t this time, HUD is not processing your claim,...." This letter was not before the district court, and we do not consider it. Daly-Murphy v. Winston, 837 F.2d 348, 351 (9th Cir.1987).
 
 
 10
 The district court did not commit clear error in finding that no claim had been filed, and it properly dismissed the federal defendants. The district court did not abuse its discretion in remanding the state claims pleaded in Thymes v. Metmor. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir.1995).
 
 III
 
 11
 The Thymes challenge the district court's dismissal of their first amended complaint in Thymes v. Metropolitan Life. The district court found all claims arising out of the 1991 trustee sale of the Thymes' property barred under res judicata by two California State court determinations: summary judgment in BC-021493 and the unlawful detainer order in BC-026858. The district court found that, absent the claims arising out of the trustee sale, the remainder of the complaint was bereft of any cause of action against any party. We review de novo the application of res judicata and the dismissal for failure to state a claim. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993) (dismissal on res judicata grounds); Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995) (failure to state a claim).
 
 A.
 
 12
 So long as state court judgments are rendered in proceedings complying with the minimum standards of due process, such judgments have the same preclusive effect in federal court as they would in state court. Clements v. Airport Auth. of Washoe Cty., 69 F.3d 321, 328 (9th Cir.1995) (citation omitted). This preclusive effect applies in a federal civil rights action and encompasses both claim and issue preclusion. Id. (citing Migra v. Warren City School Dist., 465 U.S. 75 (1984)). Under the doctrine of res judicata, a final judgment on the merits bars the parties or those in privity with them from litigating the same cause of action in a subsequent proceeding and collaterally estops parties or those in privity with them from litigating in a subsequent proceeding on a different cause of action any issue actually litigated and necessarily determined in the former proceeding. In re Russell, 12 Cal.3d 229, 233 (1974).
 
 
 13
 The two state court decisions, summary judgment in BC-021493 and the unlawful detainer order in BC-026858, constitute judgments on the merits. See Columbus Line, Inc. v. Gray Line Sight-Seeing Cos. Associated, 120 Cal.App.3d 622, 629 (1981). The unlawful detainer order also constitutes a final judgment. The Thymes argue that the unlawful detainer order was vacated by a California State Court on September 15, 1992, but the record contains no such indication. The Thymes abandoned their appeal in the unlawful detainer action, leaving no doubt as to the finality of the judgment. Wood v. Herson, 39 Cal.App.3d 737, 748 (1974).
 
 
 14
 We need not address whether the district court erred in ascribing preclusive effect to the summary judgment order, because the unlawful detainer order is sufficient to support the dismissal of the claims arising from the sale of the Thymes' property. The unlawful detainer order determined that certain parties were bona fide purchasers of the property and that "all procedural requirements in connection with the ... February 7, 1991 trustee's sale were complied with, and that the sale was regular and valid in all respects." This order collaterally estops John and Shirley Thymes from relitigating the issue of the validity of the trustee's sale, even where they cast the issue as a civil rights violation.
 
 
 15
 The Thymes argue that Jermone should not be bound by the prior state court decisions, but Jermone's claims are dependent on her parents' claims. The district court correctly noted that Jermone's claims "are entirely derivative of [her parents']. At best, she was a tenant of the property formerly owned by her parents." Jermone has sufficient "identity or community of interest" with her parents to stand in privity with her parents and become bound by the prior judgment against them. Columbus Line, 120 Cal.App.3d at 629-30.
 
 
 16
 Finally, the Thymes argue that the state court proceedings did not afford them due process. There is nothing in the record supporting any alleged violation of due process in the state court proceedings. The Thymes' complaints amount to a challenge to the merits of the state court decisions, but these decisions have preclusive effect regardless of whether they are correct. Id. at 629 n. 5 (citation omitted).
 
 
 17
 We affirm the district court's decision dismissing all claims and portions of claims arising out of the trustee's sale.
 
 B.
 
 18
 The district court correctly concluded that, stripped of all claims arising from the trustee's sale, the Thymes' complaint did not allege other conduct with sufficient specificity to support any cause of action.[1] To the extent the Thymes were prevented from filing an amended complaint to correct this deficiency due to their inability to pay the cost bond imposed by the district court as part of the vexatious litigant order, the district court did not abuse its discretion. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), (district court's vexatious litigant order reviewed for abuse of discretion), cert. denied, 498 U.S. 1001 (1990); Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir.1994) (district court's ruling regarding local rules is reviewed for an abuse of discretion). Such an order was a permissible exercise of discretion under Central District of California Local Rule 27A because the Thymes persisted in repeatedly filing cases lacking in merit on the same issues. Though the total amount of the bond was high, it amounted to only $500 per defendant sued, a conservative estimate of what defense would cost the people wrongfully sued.
 
 
 19
 The district court, however, did abuse its discretion in issuing an overbroad pre-filing order as part of its vexatious litigant order. See De Long, 912 F.2d at 1148; Moy v. United States, 906 F.2d 467, 470-71 (9th Cir.1990). The pre-filing order applies to all disputes in which the Thymes might be involved. There is no evidence in this record that the Thymes have a general history of litigious filing, apart from litigation over the foreclosure sale of their property and against certain defendants. See Moy, 906 F.2d at 471. The pre-filing order must be "narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1148. Based on the limited record in this particular case, we cannot conclude that the prefiling order was narrowly tailored.
 
 
 20
 The dismissal of all claims in D.C. Nos. CV-93-5963 and CV-93-7771 is AFFIRMED. The district court's prefiling order in D.C. No. CV-93-5963 is VACATED and REMANDED.
 
 
 21
 Each party shall bear its own costs.
 
 
 22
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Moreover, like the dismissal of the federal defendants in Thymes v. Metmor discussed in Part II above, the district court's June 10 order in Thymes v. Metropolitan Life correctly dismissed the federal defendants due to the Thymes' failure to exhaust their administrative remedies