FILED

**NOT FOR PUBLICATION**

OCT 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DAVID STONER, individually and UNITED STATES OF AMERICA, Ex. Rel. John David Stoner, | No. 09-16768 |
| Plaintiffs - Appellants, | D.C. No. 5:03-cv-04622-JW |
| and | |
| THE STATE OF CALIFORNIA and COUNTY OF SANTA CLARA, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| SANTA CLARA COUNTY OFFICE OF EDUCATION and EAST SIDE UNION HIGH SCHOOL DISTRICT, | |
| Defendants, | |
| and | |
| COLLEEN B. WILCOX; et al., | |
| Defendants - Appellees. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.



Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 8, 2010
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.[**]

California preclusion law applies. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984). Although the district court erred in applying federal preclusion law, our review is de novo, *see Far Out Prod., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001), and we may affirm the judgment below if the record supports doing so under the proper California standard. It does.

In California, "Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. Traditionally, [California courts] have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits.

---

[**] The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Lucido v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990) (internal citations and footnote omitted).

All five conditions are met here. First, the issue under the Federal False Claims Act is identical to the one decided under the California False Claims Act: whether the defendants received and kept funds disbursed by the California government, some of which came from the federal government, "after knowingly presenting or causing to be presented, making, using, or causing to be made, false claims, records or statements." *Compare* 31 U.S.C. § 3729 *with* Cal. Gov't Code § 12651. Both false claims acts require the same degree of scienter. *Compare* 31 U.S.C. § 3729(b)(1) *with* Cal. Gov't Code § 12650(b)(3).

Second and third, the California Court of Appeal actually and necessarily adjudicated this issue in affirming the dismissal of Stoner's claims against Fimiani and Wong for failure to state sufficient facts and in affirming the grant of summary adjudication to Wilcox on the basis of insufficient evidence. *See Hernandez v. City of Pomona*, 207 P.3d 506, 514 (Cal. 2009) (finding an issue actually litigated where it "was raised, submitted for decision, and actually decided"). The opportunity to litigate in the Superior Court and on appeal was full and fair.

Fourth, under California law, sustaining a demurrer for failure to plead sufficient facts to state a claim is a final judgment on the merits. *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327, 334 (1980). Similarly, summary adjudication is a final judgment on the merits. *Columbus Line, Inc. v. Gray Line Sight-Seeing Cos. Assoc.*, 120 Cal. App. 3d 622, 629 (1981).

Fifth, Stoner was the sole party to the prior proceeding and is the sole party to this proceeding, because neither California nor the United States exercised its right to intervene. *Cf. United States ex rel. Eisenstein v. City of New York*, 129 S. Ct. 2230, 2235 (2009).

Finally, California courts would not find that the public interest requires them to disregard the judgment in the prior case. Thus, that interest does not override the determination we must make after applying the factors considered above.

**AFFIRMED.**