[No. B011658. Second Dist., Div. Five. June 6, 1985.]

ALLIS-CHALMERS CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MIFRAN BOMAN CORPORATION, Real Party in Interest.

COUNSEL

Lawler, Felix & Hall, Robert B. Reagan and Mark Lee for Petitioner.

No appearance for Respondent.

Levy, Bivona & Cohen and David G. Colman for Real Party in Interest.

## OPINION

**LAVINE, J.*—**Petitioner seeks a writ of mandate compelling the superior court to grant its motion for summary adjudication of issues.

### FACTS

Carlos Leon was killed while operating a forklift manufactured by petitioner and distributed by real party. His heirs filed suit against petitioner and real party, among others, alleging that the forklift was negligently manufactured, designed, assembled, etc. Petitioner filed a cross-complaint against real party and others; real party filed its own cross-complaint against petitioner for full and partial indemnity and breach of warranty.

---

*Assigned by the Chairperson of the Judicial Council.

In the main part of the case, petitioner served requests for admissions on plaintiffs, which requests went unanswered and were therefore deemed admitted. Based on the facts deemed admitted, petitioner obtained a summary judgment on the complaint and petitioner was dismissed from that part of the lawsuit. (The nature of the facts deemed admitted established that petitioner was not liable to plaintiffs.) At the time that summary judgment was granted, the trial judge said that a separate motion for summary judgment should be brought with respect to the cross-complaint.

Petitioner brought such a motion,[1] which was heard on January 22, 1985. Petitioner argued that it was not liable to real party on the causes of action for indemnity because it could not be jointly and severally liable to plaintiff, having been dismissed from that part of the action. Petitioner further argued that it was not liable on real party's cause of action for breach of warranty because it did not sell the forklift to real party, therefore it was not "in privity" with real party. The trial court granted judgment on the pleadings as to the breach of warranty cause of action, but denied the motion for summary adjudication of the issues as to the indemnity causes of action. Petitioner challenges the latter portion of the court's order.

Did the trial court err in refusing to grant summary adjudication of the issues as to the indemnity causes of action? Yes.

DISCUSSION

Petitioner sought summary adjudication of issues on the basis that real party could never recover on its indemnity causes of action because (based on the facts deemed admitted) it was already established that petitioner had no liability to plaintiffs. Real party argued below (and argues in its opposition here) that the admissions with respect to the complaint are not binding for purposes of the cross-complaint. (*Shepard & Morgan v. Lee & Daniel* (1982) 31 Cal.3d 256 [182 Cal.Rptr. 351, 643 P.2d 968] [complaint and cross-complaint are separate actions]; *People* ex rel. *Dept. of Transportation v. Superior Court* (1980) 26 Cal.3d 744, 752 [163 Cal.Rptr. 585, 608 P.2d 673].) These cases are distinguishable on their facts and legal effect.

In *Shepard & Morgan, supra,* plaintiff, a carpenter, was injured while securing wooden ceiling joists. He sued the general contractor. The general contractor turned around and filed a cross-complaint against the subcontractor who had supplied the joists. In an answer to one of plaintiff's requests

[1]The motion was for summary adjudication of issues or, in the alternative, judgment on the pleadings.

for admissions, the general contractor responded that it contended that the joists did *not* constitute a hazard to plaintiff. The trial court ruled that this admission was binding on the general contractor in its cross-action against the subcontractor. The Supreme Court reversed, holding that Code of Civil Procedure section 2033, subdivision (c) provides that an admission may not be used against a party "in any other action" and that in other contexts the complaint and cross-complaint are deemed to be separate actions.

Here, the admissions by the *plaintiff* had the ultimate effect of absolving a defendant of all liability.

The other case cited by real party, *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d 744, involved a statute of limitations problem on facts totally dissimilar to the present case. Plaintiff was injured in an automobile accident and sued a number of individuals but did not file a claim against or sue the state (the injury occurred on a state highway). Several of the defendants sued the state for indemnity alleging that the state's blocking of several lanes of the highway caused plaintiff's injuries. The state claimed that the cross-complaint was barred by the plaintiff's failure to file a timely claim against the state. The Supreme Court disagreed, holding that the equitable indemnity action (even though raised as a cross-complaint) was separate and distinct from the plaintiff's action, so it did not matter that the statute of limitations would have run on plaintiff's claim against the state. For purposes of the cross-complaint, the statute of limitations accrued when the plaintiff obtained a judgment against the original defendants.

Petitioner argued below (and argues in its petition) that real party's contention about admissions not being binding in cross-complaints ignores the whole point of the case: can a defendant who is not jointly and severally liable to the plaintiff be liable on a cause of action for indemnity brought by another defendant by way of cross-complaint?

Petitioner cites *Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622 [174 Cal.Rptr. 527]. In that case, the plaintiffs went for a cruise on the Royal Viking Line and decided to go on a shore excursion in Guatemala. The shore excursion was managed by Columbus Line, Inc., which arranged for the tour with Guatemala Sightseeing (an associate of Gray Line). Guatemala Sightseeing provided the bus transportation for the tour and plaintiffs were injured when the bus collided with a pickup truck. Plaintiffs sued Royal Viking, Columbus and Guatemala Sightseeing; Gray Line was subsequently served as a "Doe." Columbus filed a cross-complaint for indemnity against Gray Line.

Gray Line obtained summary judgment against plaintiffs on the complaint. Thus they were in the same position as petitioner here: it had a judgment stating it was not negligent towards plaintiffs. Like petitioner here, Gray Line moved for summary judgment on the cross-complaint. After discussing the principles of collateral estoppel and res judicata (120 Cal.App.3d at pp. 628-629), the court concluded that collateral estoppel applied to preclude litigation of the issues raised by the cross-complaint for equitable indemnity, such issues having been determined by the prior adjudication of the summary judgment on the complaint. (120 Cal.App.3d at p. 631.)

A similar result was reached in *Munoz* v. *Davis* (1983) 141 Cal.App.3d 420 [190 Cal.Rptr. 400], wherein the court stated: "[T]here can be no indemnity without liability. In other words, unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity." (141 Cal.App.3d at p. 425, citing *Columbus Line* v. *Gray Line, supra.*)

In the motion for summary adjudication of issues, petitioner is not seeking to utilize the request for admissions and failure to respond, but rather it is utilizing the former summary judgment establishing that petitioner was not liable to plaintiffs. The request for admissions and failure to respond are not truly relevant to the present motion for summary adjudication of issues since there is presently no issue as to their effect. That issue was determined in a prior proceeding.

For these reasons the trial court erred in refusing to grant the motion for summary adjudication of the issues as to the indemnity causes of action.

Let writ of mandate issue directing the respondent court to vacate its ruling of February 11, 1985, denying petitioner's motion for partial summary adjudication of issues as to the indemnity causes of action, and to enter a new and different order granting said motion.

Ashby, Acting P. J., and Hastings, J., concurred.