[No. A039671. First Dist., Div. Three. Oct. 26, 1988.]

HELEN ZELLERBACH FRANK, Cross-complainant and Appellant,
v.
THE STATE OF CALIFORNIA, Cross-defendant and Respondent.

**COUNSEL**

Robert A. Bragg and Baraban & Bragg for Cross-complainant and Appellant.

Thomas Lacchia, Joseph A. Montoya, Robert J. De Fea, Kenneth G. Nellis and John F. Donovan for Cross-defendant and Respondent.

**OPINION**

**STRANKMAN, J.**—Appellant Helen Zellerbach Frank (Frank) is the defendant and cross-complainant in this action filed by plaintiff Richard B. Mitchell (Mitchell), by his guardian ad litem, arising from a traffic accident in which Mitchell suffered personal injuries. The amended complaint (complaint) names as defendants Frank, respondent and cross-defendant the State of California (State), and the Department of Motor Vehicles (DMV). This appeal follows the trial court's sustaining of State's demurrer to

Frank's cross-complaint for indemnity, without leave to amend, and the dismissal of Frank's cross-complaint as to State. The trial court found that the cross-complaint for indemnity was barred by the prior judgment of dismissal of Mitchell's action against State, and cited as authority *Allis-Chalmers Corp.* v. *Superior Court* (1985) 168 Cal.App.3d 1155 [214 Cal.Rptr. 615].

We conclude that *Allis-Chalmers* does not control here and reverse.

## I

### *Pleadings*

This action arises from an automobile accident which occurred when an automobile driven by Frank allegedly collided with a vehicle driven by Mitchell in a traffic intersection in San Mateo County. The first cause of action of the complaint, directed against Frank, alleges negligence. The second cause of action, directed against the DMV as a department of State, is set forth in two "counts." The first count alleges that the DMV had a mandatory duty under the Vehicle Code not to issue or renew a driver's license to any person who is incapable of safely operating a motor vehicle, and that the DMV, in breach of that duty, issued a license to Frank who, because of age and diminished physical and mental abilities, was unable to safely operate a motor vehicle. The second count alleges negligence in issuing a driver's license to Frank. The third cause of action, also directed against the DMV, alleges a breach of a mandatory duty under the Vehicle Code to suspend or revoke the driver's license of someone such as Frank with diminished physical and mental abilities.

Frank answered the complaint and filed a cross-complaint against State and Mitchell. The cross-complaint alleged generally that Frank was entitled to equitable indemnification from and apportionment of fault among cross-defendants.

Thereafter, State demurred to the complaint on the ground that it failed to state any cause of action against it (Code Civ. Proc., § 430.10). The court sustained the demurrer with leave to amend. After Mitchell failed to amend, the action was dismissed as to State.

State then demurred to Frank's cross-complaint on the grounds that it failed to state a cause of action against this cross-defendant (Code Civ. Proc., § 430.10, subd. (e)) and was uncertain (Code Civ. Proc., § 430.10, subd. (f)). As to the first ground, State argued that the cross-complaint was barred by the prior judgment of dismissal of the complaint in its favor. In

support of this argument, State cited general principles of res judicata and collateral estoppel, as well as *Allis-Chalmers Corp.* v. *Superior Court, supra,* 168 Cal.App.3d 1155, in which the court held that a defendant who is not jointly or severally liable to the plaintiff could not be liable on a cause of action for indemnity brought by another defendant by way of cross-complaint.

The trial court sustained State's demurrer with leave to amend on the ground that it was unable to determine the basis of the claim for indemnity and apportionment of fault, and, accordingly, could not determine whether or not the cross-complaint was barred by the doctrine of res judicata.

Frank then filed an amended cross-complaint for indemnity, apportionment of fault, and declaratory relief, naming as cross-defendants State, City of Menlo Park, Town of Atherton, and the County of San Mateo. The amended cross-complaint (cross-complaint) alleges that cross-defendants created a dangerous condition by failing to control the intersection where the accident occurred with stop signs, turn signals or traffic lights, which dangerous condition was a proximate cause of the accident; and, on that basis, Frank was entitled to indemnification and apportionment of fault. State demurred to the cross-complaint on the ground, among others, that it was barred by the doctrine of res judicata, and again cited as authority *Allis-Chalmers Corp.* v. *Superior Court, supra,* 168 Cal.App.3d 1155. The trial court sustained the demurrer without leave to amend, citing as authority the *Allis-Chalmers* decision.

## II

### Frank's Contention on Appeal

Frank contends that Mitchell's claim of negligence against State based upon the issuance of a driver's license to her was separate from and independent of her claim of negligence against State, which is based upon the entirely distinct theory of a dangerous condition of property; that the dismissal of Mitchell's action against State did not constitute a final adjudication of the issue of State's liability vis-à-vis Frank based upon this theory, such that there is no collateral estoppel; and that the trial court misconstrued the *Allis-Chalmers* decision which was based upon principles of res judicata and collateral estoppel.

## III

### Discussion

In *Allis-Chalmers,* the court stated the issue to be adjudicated as follows: "[C]an a defendant who is not jointly and severally liable to the plaintiff be

liable on a cause of action for indemnity brought by another defendant by way of cross-complaint?" (168 Cal.App.3d at p. 1158.) There, the heirs of a forklift operator who was killed while operating a forklift filed an action against the manufacturer and distributor of the forklift, alleging that the forklift was negligently manufactured, designed, and assembled. The distributor filed a cross-complaint for indemnity and breach of warranty against the manufacturer. The manufacturer then served requests for admissions on the plaintiffs, which requests went unanswered and were therefore deemed admitted. The nature of the facts deemed admitted established that the manufacturer was not liable to the plaintiffs for the worker's death. (*Id.,* at p. 1157.) The manufacturer then obtained a summary judgment on the complaint in its favor and was dismissed from that part of the action.

The manufacturer then brought a motion for summary judgment/summary adjudication of issues with respect to the distributor's cross-complaint. It argued that (1) as to the indemnity causes of action, it could not be liable to the distributor for indemnity because it could not be jointly and severally liable to the plaintiffs, having obtained a dismissal of the complaint in its favor; and (2) as to the breach of warranty cause of action, it could not be liable because it did not sell the forklift to the distributor. The trial court granted summary judgment as to the breach of warranty cause of action, but denied the motion for summary adjudication of the issues as to the indemnity causes of action. The manufacturer then sought a writ of mandate challenging the latter portion of the court's order.

The Court of Appeal issued the writ, directing the trial court to enter an order granting the motion for summary adjudication as to the indemnity causes of action. The court held that because the manufacturer had obtained a summary judgment based upon the plaintiffs' admissions establishing that it was not jointly and severally liable to the plaintiffs, it could not be liable on a cause of action for indemnity brought by another defendant by way of cross-complaint. (*Allis-Chalmers Corp.* v. *Superior Court, supra,* 168 Cal.App.3d at pp. 1158-1159.)

We carefully review the authorities cited by the *Allis-Chalmers* court in support of its decision, which we find instructive here, before determining the applicability of *Allis-Chalmers* to our case.

*Allis-Chalmers* cites as its principal authority *Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622 [174 Cal.Rptr. 527]. In that case, the plaintiffs went for a cruise on the Royal Viking Line and decided to go on a shore excursion in Guatemala. The shore excursion was managed by Columbus Line, Inc., which arranged for the tour with Guatemala Sightseeing, an associate of Gray Line. Guate-

mala Sightseeing provided the bus transportation for the tour and plaintiffs were injured when the bus collided with a pickup truck. Plaintiffs sued Royal Viking, Columbus and Guatemala Sightseeing; Gray Line was subsequently served as a "Doe." Columbus filed a cross-complaint for equitable indemnity against Gray Line.

Gray Line obtained summary judgment against plaintiffs on the complaint. The thrust of its motion was that it was not negligent toward the plaintiffs in any manner and it could not be held vicariously liable for the acts of any of its codefendants. The trial court granted the motion, expressly finding that Gray Line had shown by admissible evidence and reasonable inferences from the evidence that it was not negligent toward the plaintiffs in connection with the injuries sustained by the plaintiffs and that no agency relationship existed between Gray Line and any other defendant giving rise to vicarious liability for the acts of any of the other defendants. (*Columbus Line, Inc., supra,* 120 Cal.App.3d at pp. 626-627.)

After the granting of its motion for summary judgment on the complaint, Gray Line moved for summary judgment in its favor on Columbus's cross-complaint for equitable indemnity, asserting that because it was not a concurrent tortfeasor responsible in any manner for plaintiffs' alleged injuries, it could not be ordered to indemnify Columbus on a comparative fault basis. (120 Cal.App.3d at p. 627.) The motion was granted.

On appeal, the court affirmed. The court held that because the application of the equitable indemnity rule under *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], presupposes that each of two persons is made responsible by law to an injured party, Gray Lines' obligation to indemnify Columbus depended upon its having been at least partially responsible for plaintiffs' injuries. The summary judgment on the complaint established that no such responsibility existed as to Gray Line. The court therefore concluded that the principles of res judicata and collateral estoppel precluded the cross-complaint for equitable indemnity. The court reasoned: the issues determined by the prior adjudication of the summary judgment on the complaint—whether Gray Line was negligent toward the plaintiffs or responsible for the negligence of its alleged agent Guatemala Sightseeing—were identical to those raised by Columbus's cross-complaint for indemnity; there was a final judgment on the merits; and Columbus was in privity with plaintiffs. Accordingly, the requirements for collateral estoppel were met which precluded litigation of the issues raised by the cross-complaint. (*Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc., supra,* 120 Cal.App.3d at p. 631.)

The *Columbus Line* court distinguished its holding from that of *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744 [163

Cal.Rptr. 585, 608 P.2d 673]. We review that decision because we find it pertinent to our case here. There the California Supreme Court held that "a tort defendant does not lose his right to seek equitable indemnity from another tortfeasor simply because the original plaintiff's action against [that tortfeasor defendant] may be barred by the statute of limitations. The defendant's equitable indemnity action is independent of the plaintiff's action and a defendant is entitled to pursue his own indemnity action so long as the statute of limitations on that action has not expired." (*Id.,* at p. 748.) The court held that although the plaintiff's claim for damages arising from an automobile accident against the State of California was barred by the statute of limitations, the other named defendants were not precluded from asserting a claim against the State of California for equitable indemnity. (*Id.,* at p. 747.)

■ Thus, under *Dept. of Transportation,* if concurrent tortfeasors are jointly responsible for the plaintiff's injuries, one tortfeasor may pursue a claim for equitable indemnity against the other even though the plaintiff's claim against the other may be barred on some grounds such as the statute of limitations. ■ Under *Columbus Line,* however, if the evidence establishes that a defendant is not a concurrent tortfeasor responsible in any way for the plaintiff's injuries, another defendant may not pursue a claim for indemnity against that defendant.

■ We conclude the reasoning underlying *Columbus Line,* in addition to the holding of *Dept. of Transportation,* establishes that in the instant case, Frank's claim for equitable indemnity against State is not barred by res judicata or collateral estoppel because of the judgment in favor of State on the complaint. Unlike the case in *Columbus Line,* there was no adjudication here that State was not responsible in any manner for Mitchell's injuries. Mitchell simply failed to state a cause of action against State for negligence based upon the issuance of a driver's license to Frank, and thereafter failed to amend the complaint to attempt to state any other cause of action against State for responsibility for Mitchell's injuries, leading to the dismissal of the complaint against State. The sustaining of State's demurrer to the complaint established that State was not liable for negligence in issuing Frank a license, and the dismissal of the complaint against State constituted a bar to Mitchell's claim for liability against State.

The dismissal, however, was not tantamount to an adjudication of the issue of whether State is responsible for Mitchell's injuries due to a dangerous condition in a traffic intersection, which is the basis of Frank's cross-complaint for indemnity against State. The first requirement for res judicata or collateral estoppel, therefore—a prior adjudication of an issue identical with the one presented in the action in question—is not satisfied here. (See

*Ralke Co.* v. *Esquire Bldg. Maintenance Co.* (1966) 246 Cal.App.2d 141, 147-148 [54 Cal.Rptr. 556].)

We therefore conclude that the judgment of dismissal of Mitchell's complaint against State does not bar Frank's cross-complaint for equitable indemnity against State. (See *Dept. of Transportation, supra,* 26 Cal.3d at p. 744.) A contrary result would be inequitable, in that Frank's rights against State would be entirely dependent upon Mitchell's litigation strategy, and be cut off simply because Mitchell chose not to pursue various theories against State.

## IV

### *Disposition*

The judgment of dismissal of the cross-complaint is reversed.

White, P. J., and Merrill, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 18, 1989.