[No. B071573. Second Dist., Div. Seven. June 13, 1994.]

LONG BEACH GRAND PRIX ASSOCIATION, Cross-complainant and Appellant, v.
ROBERT W. HUNT, Cross-defendant and Respondent.

## COUNSEL

Hewitt, Kaldor, & Prout, Stephen L. Hewitt, R. Gregory Amundson and Erica S. Arouesty for Cross-complainant and Appellant.

Pivo & Halbreich and Douglas A. Amo for Cross-defendant and Respondent.

## Opinion

**JOHNSON, J.**—Does the doctrine of res judicata bar one defendant from seeking equitable indemnity from a second defendant after the plaintiff voluntarily dismisses her complaint with prejudice as to the second defendant? We hold the answer is no.

### Facts and Proceedings Below

Kathleen Young was involved in an automobile accident in the City of Long Beach. She was taken to a local hospital where she was treated by Dr. Robert Hunt. Following Dr. Hunt's exploratory surgery on her knee, Young developed thrombophlebitis and, later, symptoms of nerve deficit.

Young filed suit against the driver of the other automobile for negligence, against Dr. Hunt for medical malpractice and against the Long Beach Grand Prix Association (LBGPA) on the theory that in preparation for the Long Beach Grand Prix, LBGPA had negligently altered and maintained the intersection where the accident took place. LBGPA cross-complained against Hunt for indemnity on the theory any injury to Young which resulted from its negligence in redesigning and maintaining the intersection was aggravated by Hunt's negligent medical treatment.

Subsequently Young's complaint was voluntarily dismissed with prejudice as to Hunt. Hunt then moved for summary judgment on LBGPA's cross-complaint against him for equitable indemnity claiming the dismissal with prejudice was an adjudication on the merits that he was not liable to Young and, therefore, he could not be required to indemnify LBGPA because ". . . there can be no indemnity without liability." (*Munoz* v. *Davis* (1983) 141 Cal.App.3d 420, 425 [190 Cal.Rptr. 400].)[1]

The trial court granted Hunt's motion for summary judgment and in due course a judgment was entered. For the reasons set forth below, we reverse.

### Discussion

Hunt is correct in stating a dismissal with prejudice is equivalent, for purposes of res judicata, to a judgment on the merits in favor of the defendant who is dismissed. (*Torrey Pines Bank* v. *Superior Court* (1989)

---

[1]In *Munoz* we held an attorney being sued for malpractice could not obtain equitable indemnity against the party who originally injured the client on the theory but for that party's negligence the attorney would never have had the opportunity to commit malpractice in the client's case.

216 Cal.App.3d 813, 820-821 [265 Cal.Rptr. 217].) A dismissal with prejudice "is equivalent to a judgment on the merits and as such bars further litigation on the same subject matter between the parties." (*Id.* at p. 820.) Clearly, Young could not relitigate the liability of Hunt to Young. ■■■ The question is whether collateral estoppel bars *LBGPA* from litigating the liability of Hunt to Young. Hunt argues the dismissal with prejudice in his favor also bars, on grounds of collateral estoppel, an attempt by LBGPA to litigate his liability to Young. If he is correct, then he was properly granted summary judgment against LBGPA because ". . . unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity." (*Munoz* v. *Davis, supra,* 141 Cal.App.3d at p. 425.)

We have found no case addressing the question whether a cross-complaint for equitable indemnity is barred because the principal action was dismissed with prejudice as to the cross-defendant.

Hunt relies on *Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622 [174 Cal.Rptr. 527] (*Columbus*) in support of his argument he cannot be held liable to indemnify LBGPA for the injuries to Young. In *Columbus,* the plaintiffs were injured in a bus accident while sight-seeing in Guatemala. The excursion was managed by Columbus which arranged bus transportation through Gray Line. Plaintiffs sued Columbus and Gray Line among other defendants. Columbus filed a cross-complaint for equitable indemnity against Gray Line. Gray Line obtained a summary judgment against plaintiffs which constituted a judgment on the merits. (120 Cal.App.3d at p. 629.) Gray Line then moved for summary judgment on Columbus's cross-complaint for equitable indemnity on the ground that inasmuch as the trial court had determined it was not liable to the plaintiffs it was, by definition, not a concurrent tortfeasor with Columbus and therefore could not be ordered to indemnify Columbus. The trial court granted Gray Line's motion for summary judgment and the Court of Appeal affirmed, stating: "Gray Lines' obligation to indemnify Columbus depends upon its having been at least partially responsible for plaintiffs' injuries. The summary judgment in favor of Gray Line and against plaintiffs determined that no such responsibility existed." (120 Cal.App.3d at p. 628.) The court went on to hold collateral estoppel precluded Columbus from litigating issues involving Gray Line's liability, "such issues having been determined by the prior adjudication of the summary judgment on the complaint." (*Id.* at p. 631.)

Hunt contends we should apply the rationale of *Columbus* to the present case. He argues a summary judgment, as obtained by the cross-defendant in

*Columbus*, and a dismissal with prejudice, as obtained by Hunt in the present case, are both judgments on the merits in favor of the defendant in the principal action and, therefore, are res judicata as to that defendant's nonliability to the plaintiff for purposes of a claim for equitable indemnity. We reject Hunt's argument because, as we explain below, using a dismissal with prejudice as the basis for collateral estoppel against a third party raises constitutional considerations not present in the use of a summary judgment as in *Columbus*.

Where a plaintiff enters a dismissal with prejudice as to a defendant there is obviously no due process problem with allowing the defendant to assert a plea of res judicata as to a subsequent action by the same plaintiff involving the same subject matter. Here, however, Hunt seeks to assert the bar of res judicata not against the plaintiff Young but against defendant and cross-complainant LBGPA.

■ "The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided." (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 812 [122 P.2d 892].) Furthermore, our Supreme Court has stated the doctrines of res judicata and collateral estoppel rest "upon the sound public policy of limiting litigation by preventing a party *who has had one fair trial on an issue* from again drawing it into controversy." (*Id.* at p. 811 [italics added].) "This policy must be considered together with the policy that *a party shall not be deprived of a fair adversary proceeding in which fully to present his case.*" (*Jorgensen* v. *Jorgensen* (1948) 32 Cal.2d 13, 18 [193 P.2d 728] [italics added].)

■ Thus, in order to satisfy due process requirements, there must have been a sufficient relationship between LBGPA and Young in connection with Young's dismissal of her action against Hunt that imposing the bar of res judicata as to LBGPA would not violate LBGPA's right to notice and opportunity for hearing on the issue of Hunt's liability to Young. Such a relationship exists if the court can affirmatively answer the following questions. "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (19 Cal.2d at p. 813.)

In *Columbus, supra,* the court answered these three questions affirmatively where a summary judgment for one defendant against the plaintiffs was asserted as a bar to a cross-complaint for equitable indemnity by a second defendant. The court quickly disposed of the first two questions. The plaintiffs' complaint and Columbus's cross-complaint both sought to impose

liability on the basis Gray Line was negligent toward plaintiffs. The liability issue was determined in Gray Line's favor on its motion for summary judgment against the plaintiffs and that judgment was a judgment on the merits. (120 Cal.App.3d at p. 629.)

The critical question in *Columbus* was whether there was a sufficient connection between the plaintiffs and Columbus to allow a judgment against the plaintiffs to be asserted against Columbus without depriving Columbus of due process. (120 Cal.App.3d at p. 630.) The opinion notes " '[n]otwithstanding the expanded notions of privity, collateral estoppel may be applied only if due process requirements are satisfied. [Citations.] In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have been expected to be bound by the prior adjudication.' " (*Id.* at p. 630, quoting *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 875 [151 Cal.Rptr. 285, 587 P.2d 1098].)

The opinion held these requirements were met. Plaintiffs and Columbus both were interested (albeit for different reasons) in establishing Gray Line's liability to plaintiffs. Gray Line served its notice of motion for summary judgment on Columbus as well as plaintiffs and Columbus appeared at the hearing on the motion in opposition to it. Although the record did not reflect whether Columbus filed any papers opposing the motion ". . . it was incumbent on Columbus to protect its own interests by vigorously opposing the motion instead of merely relying on plaintiffs' opposition, for Columbus knew (or should have known) that summary judgment exonerating Gray Line from liability to plaintiffs, if it became final, would preclude any claim of indemnity." (120 Cal.App.3d at pp. 630-631.) The opinion stressed the fact Columbus had notice of the motion for summary judgment and an opportunity as well as a strong incentive to be heard. "Its failure to take full advantage of its opportunity to oppose the motion" did not warrant refusal to apply the doctrine of collateral estoppel on due process grounds. (*Id.* at p. 631.)

Distinguishing *Columbus*, the court in *White Motor Corp.* v. *Teresinski* (1989) 214 Cal.App.3d 754 [263 Cal.Rptr. 26] held collateral estoppel could not be applied where the defendant against whom estoppel was asserted had an opportunity to oppose the other defendant's motion for summary judgment but had no incentive to do so.

In *White*, plaintiffs who were injured in an automobile collision sued several defendants including Vic's Auto Sales (Vic's), the seller of the car in

which they were riding and White, the manufacturer of the other vehicle involved in the accident. White obtained a summary judgment that it was not liable for plaintiffs' injuries but paid plaintiffs $50,000 in return for plaintiffs' abandoning their appeal from this judgment. After obtaining this summary judgment relieving it of liability to plaintiffs, White sued Vic's for equitable indemnity and attorney fees. Plaintiffs' case went to trial against Vic's. A jury determined plaintiffs were 40 percent negligent and Vic's was 60 percent negligent. Following this verdict, White moved for summary judgment on its claim against Vic's for equitable indemnity. Relying on the decision in *Columbus*, White contended the doctrine of collateral estoppel barred Vic's from further litigating the question whether White was negligent toward the plaintiffs—White's summary judgment against plaintiffs had conclusively determined that issue in White's favor. Therefore, White argued, it was entitled to indemnity from Vic's as a matter of law. The trial court granted White's motion for summary judgment against Vic's and Vic's appealed.

Applying the three-part test used in *Columbus*, the *White* court held the due process element was not satisfied and reversed White's judgment for equitable indemnity against Vic's. The court found that, unlike *Columbus*, Vic's had no reason to anticipate a summary judgment motion by White against plaintiffs would someday be used by White as the basis for obtaining equitable indemnity from Vic's. Therefore Vic's had no reason for "vigorously opposing" White's motion. Vic's was not named as a defendant in White's cross-complaint for equitable indemnity until after White had obtained summary judgment against the plaintiffs. Furthermore, it would have been logical for Vic's to assume that if White was successful on its summary judgment motion White would not pay any funds to plaintiffs and there would be nothing for Vic's to indemnify. (214 Cal.App.3d at p. 763.)

*Columbus* was also distinguished in *Frank v. State of California* (1988) 205 Cal.App.3d 488 [252 Cal.Rptr. 410] which, like the present case, involved a defendant's attempt to use dismissal of the plaintiff's complaint as a bar to subsequent litigation of its liability in an action for equitable indemnity.

In *Frank*, the plaintiff, Mitchell, filed a suit against Frank and the State of California for injuries he sustained when Frank's automobile collided with his. Plaintiff premised the state's liability on the Department of Motor Vehicle's negligence in issuing Frank a driver's license. Frank filed a cross-complaint against the state seeking equitable indemnity on the ground the intersection where the collision occurred constituted a dangerous condition which was the proximate cause of the accident. The state's demurrer to

the complaint was sustained and, when plaintiff failed to amend, the action was dismissed as to the state. Thereafter the state demurred to Frank's cross-complaint for equitable indemnity on the ground the dismissal of the plaintiff's complaint was res judicata as to the state's liability to the plaintiff and therefore there was no basis for equitable indemnity to Frank. (205 Cal.App.3d at pp. 490-491.) The trial court sustained the state's demurrer without leave to amend and Frank appealed.

The Court of Appeal held Frank's claim for equitable indemnity against the state was not barred by res judicata or collateral estoppel.

"Unlike the case in *Columbus Line*, there was no adjudication here that State was not responsible in any manner for Mitchell's injuries. Mitchell simply failed to state a cause of action against State for negligence based upon the issuance of a driver's license to Frank, and thereafter failed to amend the complaint to attempt to state any other cause of action against State for responsibility for Mitchell's injuries, leading to the dismissal of the complaint against State. The sustaining of State's demurrer to the complaint established that State was not liable for negligence in issuing Frank a license, and the dismissal of the complaint against State constituted a bar to Mitchell's claim for liability against State. [¶] The dismissal, however, was not tantamount to an adjudication of the issue of whether State is responsible for Mitchell's injuries due to a dangerous condition in a traffic intersection, which is the basis of Frank's cross-complaint for indemnity against State. The first requirement for res judicata or collateral estoppel, therefore—a prior adjudication of an issue identical with the one presented in the action in question—is not satisfied here." (205 Cal.App.3d at p. 494.)

*Columbus*, *White* and *Frank* are consistent with the rules on application of collateral estoppel found in the Restatement Second of Judgments. Section 27 of the Restatement provides, as a general rule, "When an issue of fact or law *is actually litigated* and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (Italics added.) Section 28 provides this rule does not apply where "the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, *did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.*" (Rest.2d Judgments (1982) § 28, subd. (5), italics added.) Section 34,

subdivision (2) of the Restatement provides "A party is bound by and entitled to the benefits of the rules of res judicata *with respect to determinations* made while he was a party, except as stated in §§ 35 to 38." (Italics added.) Section 38 states, "Parties who are not adversaries to each other under the pleadings in an action involving them and a third party are bound by and entitled to the benefits of issue preclusion *with respect to issues they actually litigate fully and fairly as adversaries to each other* and which are essential to the judgment rendered." (Italics added.)

As the cases and Restatement sections cited above make clear, due process requires that before an issue can be held established as to a party based on a previous determination in the action as to other parties, the party to be bound must have been afforded notice and an opportunity to contest the previous determination and an incentive to do so.

With these principles in mind, we turn to the facts of the present case.

Young's complaint and LBGPA's cross-complaint against Hunt both sought to impose liability on the basis Hunt was negligent toward Young. (Cf. *Columbus, supra,* 120 Cal.App.3d at p. 629.) A dismissal with prejudice is a judgment on the merits between the plaintiff and the defendant dismissed. (*Torrey Pines Bank* v. *Superior Court, supra,* 216 Cal.App.3d at p. 821.) However, unlike a summary judgment, which requires all parties be afforded notice and an opportunity to be heard (Code Civ. Proc., § 437c, subd. (a)), there is no notice nor adjudication when a plaintiff voluntarily dismisses with prejudice a complaint or cause of action against a defendant. If certain statutory prerequisites are met, the plaintiff is absolutely entitled to have the dismissal entered. (Code Civ. Proc., § 581, subd. (c).) Neither the clerk nor the trial court has any discretion in the matter. (*O'Dell* v. *Freightliner Corp.* (1992) 10 Cal.App.4th 645, 659 [12 Cal.Rptr.2d 774].) There is no contention here the statutory prerequisites for a dismissal with prejudice were not met. Thus, even if LBGPA had known of Young's intention to dismiss her complaint against Hunt, LBGPA would have had no grounds to prevent the dismissal or to set it aside.

Under these circumstances, it is fundamentally unfair to allow Dr. Hunt to use the dismissal with prejudice to bar LBGPA from litigating the question of his negligence toward Young when LBGPA has never been afforded the opportunity for a full and fair adjudication of this issue.

## DISPOSITION

The judgment is reversed. Each party to bear its costs on appeal.

Lillie, P. J., and Boren, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second District, Division Two, sitting under assignment by the Chairperson of the Judicial Council.