BYBEE, Circuit Judge,
dissenting:
This case turns on a matter of contract interpretation. Unlike the majority, I would find that the assignment language at issue allows Eden Surgical Center (“Eden”) the right to seek penalties under 29 U.S.C. § 1132(c) and would reverse the district court’s decision on that basis. For this reason, I respectfully dissent.
The assignments at issue in these eases expressly assign Eden the right to “assert ALL causes of action for judicial review” on behalf of the assignors. The comprehensive scope of the assignment is further underscored by language providing that Eden may “Stand in [the] shoes” of the assignors, “as that phrase is understood under assignment law.” Under California law, when an assignee “stands in the shoes” of the assignor, he takes “all the rights of the assignor” and has exclusive rights to sue on the assigned claims. Johnson v. County of Fresno, 111 Cal.App.4th 1087, 1096, 4 Cal.Rptr.3d 475 (Cal.App.2003).
This broad assignment language would itself be sufficient to convey to Eden the assignors’ rights to seek penalties under 29 U.S.C. § 1132(c) and attorney’s fees *698 under 29 U.S.C. § 1132(g),[1] but in an apparent effort to be unmistakably clear, the assignments here also specifically convey the right to assert causes of action under 29 U.S.C. § 1132(c): “My assignment also includes an assignment of my rights to seek relief as a ‘claimaint’, under § 1132(c) {“Any information” request}, and my rights to seek attorney fees under § 1132(g).” The assignment could hardly be more explicit: Eden has the right to bring civil actions for the relief allowed the assignors’ under 29 U.S.C. § 1132(c) and (g)-
The majority essentially ignores both the broad and express assignment language and holds that language in a section entitled “Appointment of Representative” deprives Eden of standing. That section, which specifies that Eden is the appointed representative and assignee, also includes the following language: “This appointment and assignment is effective during any: (1) Administrative claims process; (2) any Appeal or Review process for a denied claim; or (3) any legal process, necessary to collect claims submitted on my behalf for health insurance benefits, but denied by my plan.” I disagree with the majority that this language precludes Eden’s ability to seek action here.
I read 29 U.S.C. § 1132(c) as being part of either “any Appeal or Review process” or “any legal process, necessary to collect claims submitted on my behalf for insurance benefits, but denied by my plan.” The rights to seek disclosure of information under ERISA and to sue for an administrator’s failure to disclose are part of the legal process by which ERISA plan participants appeal their denied benefits claims. Those rights are fundamental to participants’ ability to exercise their 29 U.S.C. § 1132(a)(1)(B) rights to recover, enforce, or clarify plan benefits. For this reason, I do not read Eden’s assignment “effective during” language as precluding Eden’s ability to bring a 29 U.S.C. § 1132(a)(1)(A) action independent of a § 1132(a)(1)(B) action.
By the terms of the assignment itself, Eden has standing, and I would reverse. I respectfully dissent.

. Under Misic v. Building Service Health, 789 F.2d 1374 (9th Cir.1986), and as explained by the district court, I believe the rights under 29 U.S.C. § 1132(a)(1)(A) are assignable. Therefore, ERISA participants and beneficiaries may assign their rights to seek information, pursue civil penalties for an administrator's failure to supply requested information, and seek associated attorney’s fees.