Filed 4/25/25  Young v. Byars CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JENNIFER YOUNG et al., | |
| Plaintiffs and Appellants, | G063346, G063723 |
| v. | (Super. Ct. No. 30-2017-00924659) |
| BRANDON M. BYARS et al., | |
| Defendants; | O P I N I O N |
| COLLECT CO., | |
| Respondent. | |

Appeal from orders of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed. Appellants' Request for Judicial Notice. Denied.

William Young and Jennifer Young, in pro. per., for Plaintiffs and Appellants.

Rimôn Law and Daniel F. Lula for Defendant and Respondent.

This is a case in which plaintiffs William and Jennifer Young, who have chosen to represent themselves, have become their own worst enemy. After handling the case for nearly six years, the trial court noted during a hearing: "There is a point where you need to concede that you've lost" and in every case, "one side loses [and] one side wins . . . and 99 percent of the time the loser they'll take it up on appeal or whatever but they move on. [¶] There are some people that can't move on and it ends up costing them more and more." That is an apt description of what has happened here.

After the trial court ruled against plaintiffs in 2021 on an issue they asked it to decide, plaintiffs did not either seek appellate review or accept the court's decision and move on. Instead, they insisted the court made the wrong decision and lacked jurisdiction to rule on their motion, and they repeatedly tried to relitigate the same issue in hopes of obtaining a different result. When that failed, plaintiffs filed meritless requests to disqualify the judge. As a result of their own intransigent conduct, plaintiffs have now had multiple awards of attorney fees entered against them in favor of respondent Collect Co (Collect Co.), have been declared vexatious litigants, and are subject to a prefiling order prohibiting them from filing any new litigation in any California court without the approval of the presiding judicial officer of that court.

Despite plaintiffs' barrage of motions in the trial court,[1] only three orders are at issue on this appeal. The first is the order declaring plaintiffs vexatious litigants, issued June 26, 2023, and the resulting June 28, 2023 prefiling order (collectively, the Prefiling Order).[2] The other two are later orders, in which the trial court denied plaintiffs' two separate motions under Code of Civil Procedure section 473, subdivision (b)[3] (section 473(b)) to set aside or vacate the Prefiling Order and other, unspecified prior orders. We conclude the appeal from the Prefiling Order is untimely, and we therefore dismiss that portion of the appeal. As to the two orders denying plaintiffs' section 473(b) motions, we find no error and affirm.

---

[1] In addition to their briefing, plaintiffs have filed multiple requests in this appeal, including (by way of example) a request for clarification of this court's order denying with prejudice their request for a stay of all trial court proceedings and requests to recuse every member of the panel assigned to hear this appeal. All of their requests were denied. In addition, this court sent the parties a calendar notice stating that if they intend to argue any *authorities* not already cited in their briefs, they must advise the court and all other parties in writing before oral argument. The calendar notice was not an invitation to the parties to submit additional facts and briefing. Nonetheless, on January 17, 2025, plaintiffs filed a "Notification of Intent to Argue New Authorities and Facts in Supplemental Brief," in which they recited new facts relating to a foreign judgment that is not the subject of this appeal and announced their intent to file a supplemental brief, which we neither requested nor approved. We decline to consider this additional filing.

[2] We exercise our discretion to deem the prefiling order entered on June 28, 2023 to be encompassed within the scope of this appeal even though it was not attached to plaintiffs' notices of appeal because it was a necessary consequence of the June 26, 2023 minute order.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

STATEMENT OF FACTS

On June 7, 2017, plaintiffs filed their complaint in the underlying action against two individuals who are not parties to this appeal, Brandon M. Byars (Byars) and Jack McIntyre (McIntyre).[4] On January 22, 2018, plaintiffs obtained a default judgment for $91,217 jointly against Byars and McIntyre.

On December 3, 2020, pursuant to a written agreement titled "Collect Co Client Agreement," (underscoring omitted) plaintiffs agreed to "irrevocably assign" to Collect Co., for collection purposes, all of their rights, title, and interest in five separate judgments, including the judgment against Byars and McIntyre (the Agreement). Pursuant to the Agreement, Collect Co. undertook to attempt to collect the judgments and agreed to pay plaintiffs 50 percent of all funds it was able to collect, less the expenses it incurred. The Agreement further provided that it "cannot be cancelled at any time, and [plaintiffs'] assignment of the [judgments] to [Collect Co.] is irrevocable and likewise cannot be cancelled." The Agreement contained an attorney fee clause providing that "[i]n any legal proceeding between the Parties arising out of [the Agreement], the prevailing Party shall be awarded its reasonable attorneys' fees and costs."

Pursuant to the Agreement, on December 7, 2020, plaintiffs executed before a licensed California notary public an "Acknowledgment of Assignment of Judgment" (the Assignment) in which they irrevocably granted and assigned to Collect Co. "all right, title, and interest in the [judgment]" against Byars and McIntyre. The Assignment identified Plaintiffs as the judgment creditors, Byars and McIntyre as the judgment

_____

[4] McIntyre's name was later corrected to William Jackie McIntyre.

4

debtors, and Collect Co. as the assignee. Collect Co. filed the Assignment in the underlying action on December 11, 2020 and initiated collection efforts against McIntyre.[5]

Months later, on August 30, 2021, plaintiffs filed an ex parte application with the trial court to "Rescind (Vacate) 'Acknowledgment of Assignment of Judgment' Filed by [Collect Co.] and to Terminate any Actions by [Collect Co.]."[6] In their joint sworn declaration filed in support of the ex parte application, plaintiffs acknowledged signing and notarizing the Assignment, and they attached email correspondence between them and Collect Co. showing they had signed the Agreement electronically. Although plaintiffs asserted they could not remember signing the Agreement, they stated: "[i]f we did send our electronic signatures, it must have been done based on the trust to [the attorney with whom they had met] and the signatures must have been sent out without understanding or knowledge of the content. In other words, the 'Judgment Agreement' were [sic] electronically signed without any discussion and explanation by an attorney to us."

Collect Co. opposed plaintiffs' ex parte application to vacate the Assignment. On August 31, 2021, the trial court held a hearing, considered

---

[5] The judgment against Byars had been vacated, and Byars ultimately was dismissed from the action.

[6] On or around June 20, 2021, McIntyre reached out to plaintiffs to ask them to stop collection efforts on the judgment against him because his wife was seriously ill. Plaintiffs apparently agreed they would do so, but Collect Co., to whom plaintiffs already had assigned the judgment, did not agree.

all oral and written arguments of all parties, as well as the evidence presented, and denied plaintiffs' ex parte application.

Plaintiffs did not take no for an answer. Over the next several months, plaintiffs filed three more ex parte applications and two combined noticed motions, all seeking to undo the Assignment. All of the motions and applications were denied.[7]

By way of example, on October 12, 2021, plaintiffs filed a "Motion for Order to Enforce 'Reassignment'; or Alternatively, to Strike Acknowledgment of Assignment of Judgment." In that motion, plaintiffs alleged Collect Co. sent the Agreement to them as an attachment to an email and they electronically signed it without noticing or reading the attachment. Plaintiffs also asserted they signed and notarized the Assignment without reading its contents based on the trust they had for their attorney. They contended they did not know about the assignment of the judgment until August 15, 2021, when they asked their attorney to stop collection efforts against McIntyre. On November 10, 2021, the trial court held a hearing and denied plaintiffs' motion. The court explained: "the Court fully considered the evidence presented on this issue and found on the merits that the assignment was valid and binding."

Again, plaintiffs refused to accept the trial court's ruling. On November 16, 2021, in an effort to circumvent the court's rulings and halt the

---

[7] Plaintiffs also filed two small claims actions seeking to rescind the Assignment; both were unsuccessful. The first was *Young v. Collect Co* (small claims case No. 30-2021-01232922), which plaintiffs lost at trial on January 19, 2022. Plaintiffs then filed *Young v. Collect Co* (small claims case No. 30-2022-01242967), seeking the same relief, i.e., rescission of the Agreement and reassignment of the judgment against McIntyre. Plaintiffs lost the second small claims action on May 31, 2022.

continued execution of the judgment against McIntyre,[8] plaintiffs filed an ex parte application seeking to dismiss the underlying action in which the judgment had been entered. The court denied that application, too.

In early 2022, Collect Co. filed a motion for an award of prevailing-party attorney fees under the Agreement and a motion asking the trial court to declare plaintiffs vexatious litigants. On April 12, 2022, the court granted the motion for attorney fees,[9] but denied the vexatious litigant motion "without prejudice to refile the motion if plaintiffs continue to file new motions or actions to set aside [the] assignment order." (Boldface omitted.) Collect Co. then began collection efforts against plaintiffs on the order awarding its attorney fees.

None of this deterred plaintiffs. Despite the trial court's warning when it denied Collect Co.'s vexatious litigant motion without prejudice, plaintiffs continued to file numerous additional motions and other papers, all in an attempt to vacate the court's prior rulings, relitigate the validity of the Assignment, and stop enforcement by Collect Co. of its fee award.[10] All of those efforts also were unsuccessful.

---

[8] By this point, the judgment against Byars had been vacated, so the order addressed only the outstanding judgment against McIntyre.

[9] The court awarded Collect Co. $4,913 in attorney fees and $210 in costs.

[10] As just one example of a document plaintiffs filed attempting to relitigate the validity of the Assignment after the trial court had decided against them on that very issue, plaintiffs filed a "Special Request for Judicial Notice of the Fact That There Has Never Been a Client Agreement Entered Into" on November 21, 2022.

Having failed in their repeated efforts to persuade the trial court to invalidate the Agreement and Assignment, plaintiffs switched tactics. On February 14, 2023, plaintiffs filed a motion to recuse the trial judge for cause, alleging purported grounds for disqualification pursuant to section 170.1. Shortly thereafter, the court issued an order striking the statement of disqualification.

On February 27, 2023, Collect Co. filed a new motion to declare plaintiffs vexatious litigants. In response, plaintiffs filed a "Request for Judicial Notice of Plaintiffs' None [*sic*] Opposition to Collect Co.'s Motion." In their nonopposition, plaintiffs stated Collect Co. was not a party to the underlying case against Byars and McIntyre and therefore "has no legal standing to seek relief from this court" and that "this Court has never been assigned to a[d]judicate the dispute between Collect Co[.] and Plaintiffs, hence, this Court has no jurisdiction to hear Collect Co[.]'s motion." Plaintiffs concluded their nonopposition by reinforcing their commitment to "stop the actions relating to Collect Co[.] in this court" and asking the court to take Collect Co.'s new vexatious litigant motion off calendar. The motion remained on calendar.

After conducting a hearing on Collect Co.'s second vexatious litigant motion, the trial court granted both the request to deem plaintiffs vexatious litigants and the request for a prefiling order limiting plaintiffs' ability to continue to bring new actions. The court also denied Collect Co.'s request that plaintiffs be required to post a security bond. Two days later, on June 28, 2023, the court issued a prefiling order, which provided that, unless represented by an attorney, plaintiffs "are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." The clerk

8

mailed notice of the June 26, 2023 vexatious litigant order and the prefiling order on June 27, 2023 and June 28, 2023, respectively.

And still plaintiffs were undeterred. On June 29, 2023, they filed a motion to set aside the June 26, 2023 order pursuant to section 473(b) (plaintiffs' first section 473(b) motion). Collect Co. opposed it. On August 16, 2023, plaintiffs filed *another* motion under section 473(b) (plaintiffs' second section 473(b) motion). But that motion did not specify which previous orders plaintiffs were seeking to set aside; it simply asked the court to set aside "the previous orders taken against Plaintiffs." Plaintiffs' second section 473(b) motion again argued the Agreement and Assignment were fraudulent and invalid, and therefore "the court should not have issued the [unspecified] orders." Collect Co. opposed plaintiffs' second section 473(b) motion.

On November 13, 2023, the court held a hearing on plaintiffs' first section 473(b) motion (as to the June 26, 2023 vexatious litigant order) and denied it. Collect Co. served notice of the court's ruling on November 14, 2023. On December 11, 2023, the court held another hearing and denied plaintiff's second section 473(b) motion.

Plaintiffs filed a notice of appeal on November 16, 2023, directed to the June 26, 2023 vexatious litigant order and the November 13, 2023 order denying the first section 473(b) motion. They filed another notice of appeal on February 5, 2024, which was directed to the December 11, 2023 order denying their second section 473(b) motion. We consolidated the two appeals for all purposes.

DISCUSSION

On appeal, plaintiffs contend (1) the trial court had no jurisdiction to issue either the Prefiling Order or any of the unspecified orders because they were all issued after "final default judgment was

9

rendered on January 22, 2018," and (2) Collect Co. was not a party to the action and therefore lacked standing to bring the vexatious litigant motion.

## I.

### SCOPE OF ISSUES ON APPEAL

*A.  The Appeal from the Prefiling Order is Untimely*

Because the filing of a timely appeal is "'essential to appellate jurisdiction'" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094), we begin by addressing whether plaintiffs' first appeal—from the Prefiling Order—is timely.[11] We conclude it is not.

The court clerk served notice of the Prefiling Order on plaintiffs on June 28, 2023. Pursuant to rule 8.104(a)(1)(A) of the California Rules of Court, plaintiffs had 60 days—or until August 27, 2023—to appeal the order.[12] However, because plaintiffs filed a motion to vacate the order, the deadline to appeal was extended pursuant to rule 8.108(c)(2), but only to *September 27, 2023*—90 days after plaintiffs filed their 473(b) motion. Plaintiffs' notice of appeal was not filed until November 16, 2023, long after

---

[11] We asked the parties to brief this issue, but only plaintiffs filed a supplemental brief.

[12] Pursuant to California Rules of Court, rule 8.104(a)(1), plaintiffs were required to file their notice of appeal on or before *the earliest* of the following dates: (A) 60 days after the court clerk serves notice of entry of the order; (B) 60 days after the plaintiffs were served with notice of the file-endorsed copy of the order, accompanied by a proof of service; or (C) 180 days after entry of the order. The court clerk mailed a file-stamped copy of the prefiling order to plaintiffs on June 28, 2023. Sixty days from that date was August 27, 2023.

the deadline. We therefore "'must dismiss the appeal'" as to the Prefiling Order. (*People v. Mendez, supra*, 19 Cal.4th at p. 1094.)[13]

B. *The Orders Denying Plaintiffs' Two 473(b) Motions are Properly Before Us*

We now address whether the two orders denying plaintiffs' section 473(b) motions are appealable.[14] The question is not entirely free from doubt. (See *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347 [because vexatious litigant prefiling order is directly appealable as an injunction, it could not be challenged on appeal from denial of motion to vacate order]; *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652 [postjudgment order may be appealable if the issues raised by the appeal are different from those arising from an appeal from the judgment and the order either affects the judgment or "'relate[s] to it by enforcing it or staying its execution'"]; but see *Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 841 ["an order which determines a matter collateral to the main action is appealable if the matter is severable from the general objective of the litigation and if a decision thereon determines finally the rights of the parties in relation to the collateral matter, leaving no further judicial action to be taken in regard to that matter"].)

Nevertheless, in light of the ever-proliferating litigation in this action and the need to resolve these issues once and for all—including plaintiffs' challenge to the trial court's jurisdiction and Collect Co.'s standing—we assume, without deciding, both orders denying plaintiffs'

---

[13] Our determination to deem plaintiffs' first notice of appeal to encompass the June 28, 2023 prefiling order, explained in footnote 1, does not alter this analysis.

[14] There is no question the notices of appeals were timely filed as to these two orders.

11

section 473(b) motions are appealable, and we therefore reach the merits of each.

## II.

### SECTION 473(B) AND APPLICABLE STANDARD OF REVIEW

Section 473(b) provides in relevant part: "The court may, upon any terms as may be just, *relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.* Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken ....... No affidavit or declaration of merits shall be required of the moving party." (*Ibid.*, italics added.)

We review the denial of a motion to set aside a prior order under section 473(b) for abuse of discretion. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.) "'[A]ll presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant.'" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.)

## III.

### THE COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFFS' FIRST SECTION 473(B) MOTION

Promptly after the court issued its June 26, 2023 minute order deeming plaintiffs to be vexatious litigants and directing issuance of a prefiling order, plaintiffs filed a motion under section 473(b) to set aside or vacate the order. They sought to vacate the order on the grounds the trial court had no jurisdiction to hear the vexatious litigant motion, Collect Co.

12

had no standing to bring the motion, and the motion should have been denied on the merits. We conclude the trial court acted well within its discretion in denying this section 473(b) motion for several independent reasons.

The most obvious flaw in plaintiffs' argument is that their section 473(b) motion made no effort to show that the vexatious litigant order had been entered against them as a result of *their own* "mistake, inadvertence, surprise, or excusable neglect," as section 473(b) requires. Instead, they argued the order had been entered against them as a result of the *trial court's* error. That is not a basis for relief under section 473(b).

But even if plaintiffs could use section 473(b) as a mechanism to attack the trial court's order, their arguments are all without merit.

First, plaintiffs' contention that Collect Co. lacked standing to file the vexatious litigant motion is just wrong. According to plaintiffs, the trial court "failed to join [Collect Co.] as a party in the case . . . but has made orders in favor of [Collect Co.], which has deprived [plaintiffs] of their constitutional right." To the contrary, Collect Co., *became a party to the action*—as plaintiffs' assignee of record who stepped into plaintiffs' shoes— when it filed the Assignment in the action. (§ 673, subd. (a); Civ. Code, § 954; *Johnson v. County of Fresno* (2003) 111 Cal.App.4th 1087, 1096; *Great Western Bank v. Kong* (2001) 90 Cal.App.4th 28, 31–32 ["A judgment creditor may assign the right represented by the judgment to a third person. [Citations.] In doing so, the judgment creditor assigns the debt upon which the judgment is based. [Citation.] Through such an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the assignor for the enforcement of the debt, subject, however, to the defenses that the judgment debtor had against the assignor"].) The court repeatedly rejected plaintiffs' multiple challenges to the validity of the Agreement and

13

Assignment; plaintiffs' persistent refusal to accept those rulings did not deprive Collect Co. of standing in the action to seek relief from the court.[15]

Second, plaintiffs' contention that the trial court lacked jurisdiction to hear the vexatious litigant motion because judgment already had been entered in the case is also incorrect. Courts retain postjudgment and postdismissal jurisdiction in a variety of circumstances, such as to address cost and attorneys' fees requests, motions for sanctions, and judgment enforcement issues. (See, e.g., *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222–223; see also *Willy v. Coastal Corp.* (1992) 503 U.S. 131, 139 [holding court could impose Rule 11 [of the Federal Rules of Civil Procedure (28 U.S.C.)] sanctions despite not having subject matter jurisdiction because the "interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction"].) A motion seeking to have one or more parties declared a vexatious litigant is another instance in which courts have exercised post-judgment jurisdiction. (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1024 [holding "a motion to declare a self-represented plaintiff a vexatious litigant deals with an ancillary issue and has no bearing on the finality of the judgment or dismissal"].) The court had jurisdiction to determine plaintiffs were vexatious litigants and issue a prefiling order.

Finally, we reject plaintiffs' argument the court should have granted plaintiffs' first section 473(b) motion because the vexatious litigant

---

[15] Plaintiffs incorrectly argue only a defendant may bring a motion to declare an individual a vexatious litigant. Section 391.7, subdivision (a) allows any party or the court, on its own motion, to bring a motion.

order was issued "without evidential and legal foundation." The trial court deemed plaintiffs to be vexatious litigants pursuant to section 391, subdivision (b)(3), which defines a vexatious litigant as a person who "while acting in propria persona [in a litigation], repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (*Ibid.*) There is more than substantial evidence in the court record to support a finding that plaintiffs meet that standard.

Plaintiffs filed a string of meritless and duplicative motions and other papers rehashing the same arguments regarding the validity of the Assignment the trial court had already rejected. They refused to accept or properly challenge the court's orders, frivolously attempted to disqualify the trial judge after he had been assigned to the case for years and made substantive rulings against them, and filed separate new lawsuits raising the very same issues the court in this case had already decided against them. Despite warnings from the court that were clearly designed to save plaintiffs

from themselves, both plaintiffs made clear they had no intention of ceasing the conduct the court ultimately found to be vexatious.[16]

Notably, plaintiffs offered no substantive opposition to the assertion that their conduct met the test for vexatious litigation. As the trial court explained in its order: "Plaintiffs do not argue that they are not vexatious litigants; they instead request in their statement of nonopposition that the present vexatious litigant motion be taken off-calendar because they are willing to stop litigating the assignment issue in the current case. (ROA #622.) This rings hollow, because shortly after making this statement, Plaintiffs filed a motion to tax costs based solely on the argument that [Collect Co.] 'fraudulently turned itself into a purported Assignee of Plaintiffs' judgment....... '"

The trial court's minute order declaring plaintiffs vexatious litigants—and setting forth its reasons for doing so—also belies plaintiffs' argument that they were deemed vexatious litigants based solely on the number of documents plaintiffs had filed in the case. To the contrary, the

---

[16] The trial court noted the following: "After this Court attempted to get the Youngs to accept the fact that they had lost on this issue and stop wasting their money on relitigating a lost cause, Mrs. Young declared she was 'ready to lose everything' to continue the fight....... Similarly, Mr. Young declared to [Collect Co.] that 'I will never give up,' and that 'my actions will never stop.'" These statements led the court to conclude that it had "no doubt that if they are as unsuccessful in the *Adams* case as they have been in the present case, [plaintiffs] will simply file another case raising the same issues." The *Adams* case referenced by the court is a separate action plaintiffs filed against Collect Co., *Young v. Adams*, Orange County Superior Court case No. 30-2022-01281968, in which plaintiffs again alleged the Assignment was unenforceable and sought to challenge the rulings the court had previously made. Indeed, the court noted plaintiffs had sought in the *Adams* case a preliminary injunction they had previously been denied by the trial court in the underlying case here.

16

court's ruling shows it considered the nature and content of the plaintiffs' filings, as well as the results of those filings.[17] Having presided over the case for many years, there is no doubt the court was well-positioned to evaluate the substance of plaintiffs' conduct in the action and to determine whether plaintiffs had met the standard for being vexatious litigants. We have no difficulty concluding the court did not abuse its discretion in declining to vacate the vexatious litigant order (or the consequent prefiling order) in response to plaintiffs' first section 473(b) motion.

IV.

THE COURT DID NOT ABUSE ITS DISCRETION IN DENYING

PLAINTIFFS' SECOND SECTION 473(B) MOTION

Like their motion to set aside/vacate the Prefiling Order, plaintiffs' "motion to set aside previous orders" was brought under section 473(b). Plaintiffs have shown nothing that persuades us the trial court abused its discretion in denying their second 473(b) motion.

First, plaintiffs' motion failed to specify *which* orders they were seeking to set aside; it simply asked the trial court to set aside "the previous orders taken against Plaintiffs." By that time, the case had been pending for over six years and the court undoubtedly had issued dozens of orders. This vague description of the relief plaintiffs were seeking was alone sufficient grounds for the court to deny the motion. As the court correctly recognized, it was not obligated to guess what orders plaintiffs sought to be vacated.

Second, as with their first section 473(b) motion, plaintiffs failed to show any mistake, inadvertence, surprise, or excusable neglect *on their*

---

[17] In their briefing on appeal, plaintiffs acknowledge they took 11 "actions" in the underlying case from August of 2021 until February 24, 2023—all of which were denied.

17

*part* that resulted in the unspecified "previous orders" being taken against them. Instead, they argued the court erred in issuing its prior orders. As explained above, this is an improper use of a section 473(b) motion.

We find no abuse of discretion in the trial court's denial of plaintiffs' second section 473(b) motion.

V.

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Finally, we deny plaintiffs' request for judicial notice of (1) portions of Collect Co.'s respondent's brief filed in this appeal, (2) a portion of Collect Co.'s motion to consolidate the appeals, and (3) a declaration filed in a different action on November 7, 2022, in support of a motion to quash service of a summons and complaint. We need not judicially notice documents already before us, including the papers filed by respondent in connection with this appeal. As to the other document, it is not relevant to the issues on appeal. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 279, fn. 9.)

## DISPOSITION

The orders are affirmed. Appellants' request for judicial notice is denied. Respondent shall recover costs on appeal.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.